In the Matter of the Compensation of
David A. Anderson, Claimant.

ANDERSON,
*Petitioner,*

*v.*

EBI COMPANIES et al,
*Respondents.*

(WCB 82-02326; CA A34842)

718 P2d 1383

Marilyn K. Odell, Eugene, argued the cause and filed the brief for petitioner.

William H. Walters, Portland, argued the cause for respondents. With him on the brief were Donald P. Bourgeois and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Gillette, Presiding Judge, Pro Tempore, and Van Hoomissen and Young, Judges.

GILLETTE, P. J., Pro Tempore.

## GILLETTE, P. J., Pro Tempore

Claimant seeks review of an order of the Workers' Compensation Board (Board) affirming a referee's opinion and order that held time-barred his request for hearing on a denial of benefits and, he argues, effectively precluded future claims for benefits. We affirm.

In September, 1978, claimant suffered an injury to his left shoulder in an on-the-job accident. The injury was diagnosed as a rotator cuff tear. His claim was eventually accepted by the employer's insurer as a disabling occupational injury. A determination order was issued, awarding time loss only. The claim was thereafter reopened twice, with an award of permanent partial disability following the first reopening and surgery and additional permanent partial disability following the second reopening.

Thereafter, in February, 1981, claimant was treated in the emergency room of McKenzie-Willamette Memorial Hospital in Springfield for non-work related injuries received in a motorcycle accident. The hospital report indicates injuries to his left leg and ankle and the AC joint of his left shoulder. X-rays of the left shoulder taken at the time revealed that the AC joint was intact and that there were no appreciable bony or soft tissue abnormalities. The hospital billed EBI, the compensation insurance carrier, for medical services and treatment.

On March 6, 1981, EBI sent a letter to claimant, stating, in part:

> "We have received medical reports and billings from McKenzie-Willamette Hospital in Springfield, Oregon regarding treatment for your left leg, shoulder and ankle.

> "Please be advised that EBI on behalf of Carters, Inc. must respectfully deny responsibility for the above injuries *including any further responsibility or treatment for your left shoulder* due to the following legal and factual reasons:

> "1. The above mentioned injuries were sustained in a motorcycle accident on or about February 2, 1981.

> "2. The above injuries did not arise out of or in the course and scope of your employment at Carters, Inc." (Emphasis supplied.)

The letter was apparently sent to claimant's mother's house.

At the time, however, claimant was incarcerated; he was not released until April 9, 1981. He did not request a hearing on the denial letter within either 60 or 180 days, as required by ORS 656.319. On March 12, 1982, claimant filed a request for hearing, which stated, in pertinent part:

> "This is a protective request for hearing with respect to all issues which could be or might be raised with respect to this case. A formal request for hearing will be issued upon receipt of the medical and claims information from the insurer."

On September 16, 1982, claimant was examined by Dr. Butters, an orthopedic surgeon, for his shoulder problems. Butters diagnosed an "impingement process as well as recurrent subluxation of the shoulder." He recommended that claimant's case be "re-opened" for a program of physical therapy and suggested the possibility of further surgery.

On September 23, 1982, claimant requested another hearing, listing as reasons, *inter alia,* "[a]ggravation-medical report to follow; defacto denial; failure to pay medical costs or reimbursement to claimant; failure to properly process claim; penalties and fees." The date of injury was indicated as "9-19-78," the date of his compensable injury. On October 7, 1982, he filed a supplemental request for hearing, specifically raising for the first time the issue of the permissibility of the March 6, 1981, denial of "any further responsibility" by EBI. On December 3, 1982, Butters sent a letter to EBI, stating that his letter of September 16, 1982, requesting authorization to treat claimant, was for palliative or noncurative treatment. The letter further stated that "[t]his treatment would not require that his claim be 're-opened' in the legal sense of the word."

On December 15, 1982, a hearing was held. A number of issues were raised, including EBI's denial letter of March 6, 1981, and the subsequent *de facto* denial of claimant's aggravation claim on the basis of Butters' letter of September 16. The referee held, *inter alia,* that claimant's failure to timely request a hearing regarding the March 6, 1981, denial barred any related claims. She further held that the language in the March 6, 1981, denial apparently disclaiming further responsibility or treatment for claimant's left shoulder was proper and that claimant was thereby precluded from raising later claims for aggravation. Finally the order said that, even

assuming an improper notice of denial, claimant had failed to show that Butters' letter of September 16 constituted an aggravation claim or that, on the merits, there was an aggravation. The Board affirmed the referee without an opinion. This petition for review followed.

Claimant now raises only the issues of proper notification of denial, the prospective denial of benefits in the March 6, 1981, denial, and the alleged *de facto* denial of the September 16, 1982, claim for aggravation.

■ Claimant first argues that he was not properly notified of the denial mailed by EBI on March 6, 1981. The referee found that the denial was mailed in care of claimant's mother to 4723 Union Terrace, Springfield, Oregon, 97477. The record shows that claimant had contacted EBI on January 26, 1981, to request that all further correspondence be sent to his mother's house at 4733 Union Terrace, Springfield, Oregon, 97477. Despite the incorrect address on the denial letter, claimant concedes in his brief that the disputed letter was delivered to his mother's house on March 10, 1981. That is where he had asked that it be delivered. The notice was proper; the request for a hearing was untimely.

■ Claimant next argues that the Board erred in holding that EBI was authorized to deny all future claims for compensation related to his accepted compensable injury. The referee's opinion and order, which the Board affirmed, stated, in part:

> "The denial of March 6, 1981 denied any further responsibility or treatment for the claimant's left shoulder. *The denial remains in effect by operation of law and the claimant is precluded from later attacking the effect of that denial by subsequent claims of aggravation. As such the claimant then has no further rights for benefits from the injured left shoulder* and the remaining issues raised by the claimant would have to be decided against him." (Emphasis supplied.)

EBI conceded at oral argument that the emphasized language is "not written as clearly as one would hope for"; it also conceded that its letter of March 6 purported to cut off all future benefits. For each worsening to the same area, a worker is entitled to demonstrate that the original compensable injury is a material contributing cause of the worsened condition. We find the denial of March 6, 1981, reasonable, except as to its prospective effect.

■ Next, claimant contends that the Board erred in denying his claim for aggravation, arising from the September 16, 1982, examination by Butters. The referee first concluded that, even if the request for hearing was not time-barred, no "claim" for aggravation was filed. We do not agree. Butters' report of September 16 related claimant's condition to the date of his compensable injury and stated that his "case should be re-opened." Although EBI relied on subsequent statements by Butters to argue that a valid claim was not filed, that reliance is in error. A letter or physician's report demonstrating a need for further treatment of the injury is in itself a claim for aggravation. ORS 656.273(3); *Haret v. SAIF,* 72 Or App 668, 697 P2d 201 (1985). We turn to the merits.

■ The referee found that claimant "failed to show an aggravation." We agree. After his report of September 16, Butters sent a follow-up letter, dated December 3, 1982, in which he explained that his request for authorization in the earlier report to treat claimant was for noncurative therapy and did not "require that his claim be 're-opened' in the legal sense of the word." Moreover, he stated that he was unable to comment "on any relationship that [claimant's] reported current condition may or may not have with his prior industrial claim * * *." In addition, Butters stated the following during his deposition:

"Q. [By EBI attorney] Then you can't say with a medical probability because of lack of knowledge of [claimant's] shoulder that that 1978 event contributed at all to the instability in the shoulder, can you?

"A. [Dr. Butters] No.

"Q. Because you didn't see him, for one?

"A. I'm just going on what's in the record.

"Q. Right. And because of that inability to so state, then you can't state with a medical probability that the 1978 event contributed to the need for surgery or the symptomatology for which you saw him in 1982?

"A. Okay. Yes."

Claimant has failed to show that his original, compensable injury remains a material contributing cause of his present condition. *Grable v. Weyerhauser Company,* 291 Or 387, 400-01, 631 P2d 768 (1981).

■ Finally, claimant requests penalties and attorney fees for EBI's *de facto* denial of his aggravation claim. Assuming, as we do, that Butters' report of September 16 constituted a claim for aggravation, EBI was required to give written notice of acceptance or denial within 60 days. ORS 656.262(6). We have already concluded that it was improper for EBI to rely on the denial of March 6, 1981, to deny the aggravation claim. We find no evidence to indicate that claimant received any other written notice of denial. Nonetheless, ORS 656.262(10)[1] only provides for the assessment of penalties on "amounts then due." There is no duty to pay interim compensation for medical services pending acceptance or denial, ORS 656.262(6); *Poole v. SAIF,* 69 Or App 503, 508, 686 P2d 1063 (1984), and we have concluded that claimant failed to establish aggravation. As a consequence, there were no "amounts then due" and no penalty can be assessed under ORS 656.262(10).

■ Claimant's request for attorney fees pursuant to ORS 656.382(1)[2] must also be denied. Because the evidence indicates that no compensation was due, it was not unreasonable for EBI to refuse to pay compensation and, thus, no attorney fees are warranted. *Poole v. SAIF, supra,* 69 Or App at 508.

Affirmed.

---

[1] ORS 656.262(10) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

[2] ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."