Argued November 14, affirmed December 11, 1968

NORTON, *Appellant, v.* STATE COMPENSATION
DEPARTMENT, *Respondent.*

448 P. 2d 382

*Raymond J. Conboy,* Portland, argued the cause for appellant. With him on the brief were Pozzi, Levin & Wilson, Portland.

*Clayton Hess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Chief Counsel, Salem.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and MENGLER, Justices.

DENECKE, J.

The question is whether the claimant-workman filed a timely request for a hearing by the Workmen's Compensation Board after the State Compensation Department denied his claim for benefits under the Workmen's Compensation Act.

The department mailed a notice on February twenty-third, stating that plaintiff's claim was denied. The claimant requested a hearing by a letter, dated April twenty-second, mailed April twenty-third, and received April twenty-fifth. It is agreed the date of receipt of the request for hearing, April twenty-fifth, is 61 days after the mailing of the denial of claim. It was received by the department no more than 60 days after receipt of the denial of claim by the claimant.

There are two statutes relating to the time in which the workman may request a hearing by the board after a denial of the claim by the department. ORS 656.262(6) provides:

"If the direct responsibility employer or department denies a claim for compensation, written notice of such denial, stating the reason for the denial, and informing the workman of hearing rights under ORS 656.283, shall be given to the

claimant. A copy of the notice of denial shall be mailed to the board, and to the contributing employer by the department. *The workman may request a hearing on the denial at any time within 60 days after the mailing of the notice of denial.* (Emphasis added.)

ORS 656.319(2) provides:

"Notwithstanding the provisions of subsection (1) of this section:

"(a) With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless a request for hearing is filed within 60 days after the claimant was notified of the denial."

Sixty days after "mailing" is not ambiguous. Sixty days after "claimant was notified" is not quite as precise. A common meaning is that the claimant was given knowledge; that he was apprised of the denial of his claim, but it also is used to denote that the means were set in motion whereby the party would receive the knowledge.

■ In this situation the rules of statutory construction set out in *Gilbertson v. Culinary Alliance,* 204 Or 326, 338, 282 P2d 632 (1955), are applicable. We there stated:

"* * * [F]or we think that while the provisions under consideration are apparently irreconcilable, they are not actually and necessarily so, and that under settled rules of statutory interpretation they may be harmonized. That it is the court's duty to harmonize them, if possible, there can be no doubt. * * *. And in a case of conflict between the provisions of a statute those susceptible of only one meaning will control those susceptible of two meanings if the statute can thereby be made harmonious. * * *"

■ "Mailing" seems susceptible of only one meaning. As stated, a common meaning of "notified" is being given knowledge; however, we conclude that it is reasonable to interpret it also to mean when a notice is sent by mail, a procedure which is presumed to bring knowledge to the addressee of the notice.

It is, of course, conceivable that the mailing of the notice of denial will not bring notice of the denial to the workman within 60 days after the denial or will not bring notice within a reasonably substantial time after the mailing, all through no fault of the workman. What relief can be granted to the workman in such event will have to depend upon the particular circumstances of each case.

It is also true that it does not prejudice the department to have the request for hearing received 61 days, rather than 60 days, after the mailing of the notice of denial. The legislature, however, has prescribed a specific time, 60 days, and not a reasonable time or a time within which the department is not prejudiced.

We also reach the decision that the request was not timely filed by the "overriding rule," i.e., "it is the duty of the court to ascertain the intention of the legislature." *Terney v. Belton,* 239 Or 101, 104, 396 P2d 557 (1964). It is true that intention is not completely clear because of the possible conflicting sections, but the Workmen's Compensation Law, as it existed prior to its wholesale amendment in 1965, started the time running at the date of "mailing" in all instances. The amended act also starts the time running from the date of "mailing" except for the language in ORS 656.319(2), in which it uses "notified."

In addition, when notices are sent by mail, and not personally served, the date of mailing is more

accurately ascertainable and more susceptible of accurate proof than the date on which the notice was received.

█ Plaintiff also contends that because of the department's failure to promptly act, the plaintiff had one year from the date of mailing of notification, and not just 60 days.

The notice of denial of claim was sent by the department to the workman 72 days after the workman's employer had notice of the claim. ORS 656.262 (5) requires that the acceptance or denial of the claim shall be furnished to the claimant within 60 days after the employer has notice. Plaintiff argues that inasmuch as the denial was made after the statutory period, it is a nullity and, therefore, ORS 656.319 applies. This section, in effect, provides that a hearing on any question other than a rejected claim and in which medical services were provided or benefits paid may be requested at any time within one year from the date of the accident.

The notice of denial of claim sent 12 days late we do not regard as a nullity. The requirement that the department act on the claim within 60 days is, of course, to expedite the handling of claims and the payment of benefits rightfully due. However, in the absence of express legislative direction to ignore notice of denial made more than 60 days, we would not apply that sanction to accomplish expedition.

The problems raised by the inaction of other branches of government expressly have been dealt with by the legislature. For example, the legislature has provided that if a court does not pass upon a motion for a new trial within 55 days, it is deemed denied. ORS 17.615.

We are fortified in our decision because the same section that provides that an acceptance or denial be made within 60 days provides a form of sanction. ORS 656.262(8) provides that if the department or an employer, if the insurance is carried privately, "unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, it shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

Affirmed.