Argued October 25, affirmed in part; reversed in part and remanded for hearing November 17, 1972

BURKHOLDER (No. 375-901), *Respondent, v.* STATE ACCIDENT INSURANCE FUND, *Appellant.*

502 P2d 1394

*Al J. Laue,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*Vincent C. Ierulli,* Portland, argued the cause for respondent. With him on the brief were Franklin, Bennett, DesBrisay & Jolles, Portland.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

FOLEY, J.

The State Accident Insurance Fund appeals from an order of the circuit court directing that a hearing be allowed claimant on his claim for a compensable injury. The principal question to be decided is whether

the claimant filed a timely request for a hearing by the Workmen's Compensation Board after the Fund denied his claim for benefits under the Workmen's Compensation Act. A second issue involves whether the trial court properly awarded attorney fees to claimant's attorney.

The Fund mailed a notice on December 8, 1969, stating that claimant's claim was denied. Pursuant to ORS 656.262 (6), that notice of denial stated the reasons for the denial and set out the procedure by which claimant might request a hearing by the Workmen's Compensation Board. The problem in this matter arises from the fact that the notice of denial was mailed to claimant at an address at which claimant had never lived nor received mail.[1] No explanation was given at the hearing for this mistake, nor was it established what ultimately became of the errant notice.

Claimant testified that he first learned that his claim had been denied when he telephoned a Mrs. Wilma Davidson at SAIF to inquire as to the status of his claim. This conversation took place "[a] couple of days" prior to January 14, 1970. Claimant testified that he could not remember whether Mrs. Davidson informed him of the procedure to follow to request a hearing on his claim, but he believed that she told him to file the request with SAIF.

On January 14, 1970 claimant submitted a re-

---

[1] Claimant testified that at the time of the accident he was living at 7423 S.E. Division, Portland. The accident report form, prepared by another employe without claimant's knowledge, incorrectly listed claimant's address as 3602 S.E. Mall # 4, Portland. However, the notice of denial was mailed to a wholly different address of unexplained derivation, 622 N.W. Connell, Hillsboro, Oregon 97123.

quest for a hearing by the Workmen's Compensation Board to the State Accident Insurance Fund. This request was received by SAIF on January 16. In a letter dated January 26, 1970 Mrs. Davidson of SAIF informed claimant through his attorneys that his hearing request must be filed directly with the Workmen's Compensation Board rather than with SAIF. Although this latter letter was dated January 26, claimant's attorney testified that it was not received by him until March 8 or March 10.

On January 25, 1970, and again on February 8, 1970, claimant's attorney wrote to Mrs. Davidson at SAIF requesting a report as to the status of claimant's request for a hearing. On February 13, 1970, Mr. W. F. Hall of SAIF wrote to claimant's attorney. That letter suggested that "you refer your request for a hearing directly to the Workmen's Compensation Board * * *," and enclosed a copy of the denial of claimant's claim for counsel's records.

On February 21, 1970 claimant's attorney wrote the following letter to the Workmen's Compensation Board:

"RE: Gary Burkholder

"Gentlemen:

"Would you kindly advise me of prospective date for hearing the above captioned matter.

"Previous correspondence was with Mrs. Wilma Davidson and of recent date, Mr. W. F. Hall."

On February 25, 1970, Mr. H. W. Plunkett, Assistant Administrator of the Compliance Division of the Workmen's Compensation Board, wrote to claimant's attorney as follows:

"We are in receipt of your letter of February

21, 1970 requesting information on a prospective hearing date.

"Our records do not show that a request for hearing has been filed with the Board by or on behalf of one Gary Burkholder.

"There is a record of three separate claims, and it would be necessary that we have not only a qualified request, but also the particular injury and issue in question."

Thereafter, the only correspondence between the parties was: (1) A letter dated June 30, 1970 from claimant's attorney to the Workmen's Compensation Board informing the Board of claimant's address after his release from the hospital; and (2) a letter dated July 2, 1970 from the Workmen's Compensation Board to claimant's attorney stating, in pertinent part:

"The request for hearing which you submitted is acknowledged.
"* * * * *"

The State Accident Insurance Fund contends that claimant did not file a timely request for hearing as required by ORS 656.262 (6) and ORS 656.319 (2). ORS 656.262 (6) provides:

"If the State Accident Insurance Fund, the direct responsibility employer itself or its insurance carrier qualified under subsection (1) of ORS 656.405 or any other duly authorized agent of such employer for such purpose on record with the Workmen's Compensation Board denies a claim for compensation, written notice of such denial, stating the reason for the denial, and informing the workman of hearing rights under ORS 656.283, shall be given to the claimant. A copy of the notice of denial shall be mailed to the board, and to the contributing employer by the fund. The workman may request a hearing on the denial at any time within 60 days after the mailing of the notice of denial."

ORS 656.319 (2) provides:

"Notwithstanding the provisions of subsection (1) of this section:

"(a) With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless (A) a request for hearing is filed not later than the 60th day after the claimant was notified of the denial or (B) the request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial.

"* * * * * *"

In *Norton v. Compensation Department,* 252 Or 75, 448 P2d 382 (1968), the Oregon Supreme Court held that, in a normal situation, the claimant is required to request the hearing within 60 days after the notice of denial was mailed. However, the court explicitly recognized that extenuating circumstances such as those present in the case at bar might require a different result:

"It is, of course, conceivable that the mailing of the notice of denial will not bring notice of the denial to the workman within 60 days after the denial or will not bring notice within a reasonably substantial time after the mailing, all through no fault of the workman. What relief can be granted to the workman in such event will have to depend upon the particular circumstances of each case." 252 Or at 78.

■ It would be unreasonable to hold that claimant in the instant case was required to request a hearing within 60 days after the notice of denial was mailed to the wrong address, since that would mean that his time expired on February 6, 1970, whereas the uncontro-

verted testimony shows that he never saw the notice of denial or knew the contents thereof until a copy was mailed to his attorney on February 13, 1970.

We also believe that the telephone conversation which occurred a day or two prior to claimant's letter of January 14 to SAIF did not constitute the notice contemplated by the relevant statutes. What was said during that conversation is, of course, entirely speculative, but claimant's testimony and his actions subsequent to the conversation indicate that he was not apprised of the proper course to follow in pursuing his claim. ORS 656.262 is clear in its requirement that the notice of denial, in addition to being written, shall contain the reasons for the denial and information informing the claimant of his hearing rights. The telephone conversation herein was not an adequate substitute.

It is clear that claimant first received such notice as is contemplated by the statutes in the letter of February 13, 1970 from Mr. W. F. Hall to claimant's attorney.

The question to which we now turn is whether claimant requested a hearing within 60 days of February 13, 1970 or, if not, if such good cause was shown as to justify the allowance of 180 days. We have concluded that claimant made a valid request for a hearing in the letter of February 21, 1970 and we therefore find it unnecessary to reach the issue of good cause.

ORS 656.283 (2) provides:

> "A request for hearing may be made by any writing, signed by or on behalf of the party and including his address, requesting the hearing, stating that a hearing is desired, and mailed to the board."

██ The letter of February 21, 1970 met the literal requirements of that section, with the exception that it did not specifically set out claimant's address. We do not believe that such a minor deviation is sufficient to defeat claimant's right to a hearing, in light of (a) the principle that such statutory requirements should be construed liberally in favor of the workman in workmen's compensation cases, *Waibel v. State Compensation Dept.*, 3 Or App 38, 471 P2d 826 (1970), *Hinkle v. State Ind. Acc. Com.*, 163 Or 395, 97 P2d 725 (1940), *overruled on other grounds, Dimitroff v. State Ind. Acc. Com.*, 209 Or 316, 341, 306 P2d 398 (1957); 100 CJS 428-432, Workmen's Compensation §§ 488-489; (b) the fact that the Workmen's Compensation Board's response to the letter did not refer to any such discrepancy; and (c) the fact that the Board was aware of claimant's attorney's address throughout the course of the correspondence.

We are fortified in our conclusion that the letter of February 21 was a valid request by the fact that the Workmen's Compensation Board obviously considered it to be such. The only correspondence between the claimant and the Board between February 21 and the Board's acknowledgment of the claimant's request for a hearing on July 2 cannot possibly be construed as a request, and therefore we are led to the conclusion that when the Board acknowledged claimant's request, it was referring to the letter of February 21. We hold, therefore, that the letter of February 21 was an adequate request for hearing within the meaning of ORS 656.283 (2), that the request was made within the statutory time period, and that claimant is entitled to a hearing by the Workmen's Compensation Board on the merits of his claim for compensation.

■ The State Accident Insurance Fund also contends that the circuit court erred in awarding attorney fees to claimant's attorney. The Fund is correct in this contention. *Peterson v. Compensation Department,* 257 Or 369, 477 P2d 216 (1970). Claimant's right to compensation at this time has not been established, and therefore claimant's attorney is not entitled to attorney fees.

Affirmed in part; reversed in part; and remanded for the hearing ordered by the circuit court.