Argued April 19, remanded for determination of injury
May 20, 1974

BURKHOLDER, *Respondent, v.* STATE ACCIDENT
INSURANCE FUND (No. 396124), *Appellant.*

522 P2d 497

*Jim G. Russell,* Assistant Attorney General, Salem,
argued the cause for appellant. With him on the brief

were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Vincent G. Ierulli,* Portland, argued the cause for respondent. With him on the brief were Franklin, Bennett, Ofelt & Jolles, P. C., Portland.

Before LANGTRY, Presiding Judge, and FOLEY and THORNTON, Judges.

LANGTRY, P. J.

The question presented in this appeal is whether claimant suffered a compensable injury on November 3, 1969. Claimant contends he accidentally fell as he got off a forklift Hyster truck. State Accident Insurance Fund contends that the accident was staged and that the claim is a fraud. The incident happened while claimant was operating the Hyster in the unloading of a railroad boxcar adjacent to a platform outside a warehouse. Claimant was found on the ground below the space between the boxcar and the platform. There were no other eyewitnesses.

Procedurally, this claim has had a long and tortured history. SAIF originally denied the claim on December 8, 1969. However, the hearing requested by claimant to determine whether he had suffered a compensable injury was not held until April 18, 1973. The reasons for this delay are detailed in *Burkholder v. SAIF,* 11 Or App 334, 502 P2d 1394 (1972).

The hearing officer found that claimant's testimony was not credible and his findings and conclusions were in favor of SAIF. The Workmen's Compensation Board reversed the hearing officer's order. The circuit

court affirmed the Board's order and SAIF appealed to this court.

We agree with the Board and not the hearing officer. There were three main reasons why the hearing officer disbelieved claimant's story: (1) Evidence relating to the Hyster's being found in neutral with the key turned off; (2) his belief that claimant, if he fell, would have landed inside the warehouse; (3) his finding that claimant suffered no cuts, bruises, scrapes, etc., which the hearing officer felt would have necessarily occurred if claimant fell as he claimed.

(1). The evidence on this point does not support the hearing officer's positive finding that it was claimant who turned off the key and shifted the vehicle gears into neutral. There was a serious conflict in the evidence of when, in fact, the machine was discovered to be in neutral. F. C. Potter, a senior employe of Rapid Transfer & Storage Company, testified that he discovered the machine was turned off and in neutral when he attempted to move the machine, but that he did not mention this fact to anyone until several days later. Herbert Johnson, then general manager and now part owner of Rapid Transfer, testified he noticed the machine was turned off and in neutral shortly after he arrived on the scene and remarked about that fact at that time. Other employes testified that several other people were in the area, at least one of whom may have been unidentified, and that they were all more interested in claimant's condition than anything else. The conflicts and possibilities of some unidentified person's having turned the key off raise the serious question of whether the machine was, in fact, turned off and in neutral immediately after the incident.

(2). The hearing officer's finding that the fall could not have occurred as claimant testified is also not supported by the evidence. Two of defendant's witnesses, Potter and Ross, testified that the Hyster was partially inside the warehouse when they saw it. If this were so, the fall could not have occurred as claimant testified. However, two other defense witnesses, including Herbert Johnson, and all of claimant's witnesses testified that the Hyster was outside the warehouse when they found it.

(3). There was little evidence to support the hearing officer's finding that claimant suffered no scrapes, cuts or bruises. Claimant testified he was scratched on the arm in the fall and got a bump on his head. Little or no evidence contradicted this testimony. The medical report relied upon by the hearing officer reflects the doctor's determination there was no evidence of external injury to the claimant's back, not to the rest of his body. Other medical records indicate that claimant had symptoms of a back injury including pain, restricted movement and tenderness. We think there is scanty evidence to support the hearing officer's conclusion that claimant could not have fallen as he said he did without cutting or scraping himself. From photographs in evidence it appears the gap between the boxcar and loading platform was narrow, but nevertheless wide enough for a fully clothed person to fall through without suffering such injury.

Further, the two witnesses who first saw claimant lying on the ground testified positively that he appeared to be hurt.

The Board's determination, affirmed by the circuit court, accurately reflects the weight of the testimony.

Remanded for determination of injury.