Argued and submitted September 9, reversed and remanded November 23, 1988

In the Matter of the Compensation of
James G. Adams, Claimant.

## GIUSTI WINE CO. et al,
*Petitioners,*

*v.*

## ADAMS et al,
*Respondents.*

(86-08747, 85-15626, 86-01876, 86-08746;
CA A46450)

764 P2d 620

Patric J. Doherty, Portland, argued the cause for petitioners. With him on the brief were Karli L. Olson and Rankin, VavRosky, Doherty, MacColl & Mersereau, Portland.

James L. Edmunson, Eugene, argued the cause for respondent James G. Adams. With him on the brief were A. Sue Guthrie and Malagon & Moore, Eugene.

Otto R. Skopil, III, Portland, argued the cause for

respondent United Pacific Insurance. With him on the brief were Bruce L. Byerly and Moscato & Byerly, Portland.

Craig A. Staples, Portland, argued the cause for respondent Western Employers Insurance. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Christopher P. Thomas, Portland, argued the cause for respondent Royal Insurance. On the brief was Daryll E. Klein, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

In this workers' compensation case, EBI seeks review of a decision of the Board determining that claimant's request for hearing was not untimely.

On August 19, 1985, EBI issued a denial of responsibility for claimant's aggravation claim. It sent the letter by certified mail, return receipt requested, to claimant's correct address. Claimant did not claim the letter, despite notices left by the post office on August 21 and 27. On October 29, 1985, employer sent a copy of the notice of denial through the regular mail. Claimant received it on November 4, 1985. He filed a request for hearing on December 18, 1985.

The Board held that the request for hearing was not untimely, because the time for filing the request did not begin to run until claimant actually received notice of the denial. As we held in *Cowart v. SAIF,* 86 Or App 748, 740 P2d 249 (1987), the date of mailing, not receipt, starts the running of the 60 days under ORS 656.319. Because the notice was mailed August 19, 1985, claimant's request for hearing was not timely, and we reverse and remand for a determination of whether claimant had good cause for filing a late request for hearing.

Reversed and remanded.