Argued and submitted June 16, 1988, resubmitted In Banc May 10, affirmed June 14, reconsideration denied September 8, petition for review denied October 26, 1989
(308 Or 466)

In the Matter of the Compensation of
David T. Wright, Claimant.

## WRIGHT,
*Petitioner,*

*v.*

## BEKINS MOVING & STORAGE COMPANY et al,
*Respondents.*

(WCB 86-13710, 86-08766 & 86-13709; CA A46153)

775 P2d 857

James L. Edmunson, Eugene, argued the cause for petitioner. On the brief were Karen M. Werner, and Malagon & Moore, Eugene.

Catherine Riffe, Portland, argued the cause for respondents Bekins Moving & Storage Company and Pacific Marine Insurance Co. On the brief were Jay W. Beattie, and Lindsay, Hart, Neil & Weigler, Portland.

Michael G. Bostwick, Portland, waived appearance for respondent Argonaut Insurance Company.

Constance L. Wold, Beaverton, waived appearance for respondent Wausau Insurance Company.

RICHARDSON, J.

Newman, J., dissenting.

## RICHARDSON, J.

The issue in this workers' compensation case is whether claimant timely requested a hearing on employer's denial of his claim. The time for seeking review was specified in *former* ORS 656.262(8) and *former* ORS 656.319(1).[1] In essence, the request for hearing must be filed within 60 days after the claimant was notified of the denial or within 180 days, if he shows good cause for not filing the request before the 60th day. *Former* ORS 656.262(8) provided that, if the employer or its agent denies the claim, a notice of the denial shall be mailed to the worker. "The worker may request a hearing on the denial at any time *within 60 days after the mailing of the notice of denial.*" (Emphasis supplied.) *Former* ORS 656.319(1) provided:

> "With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:
>
> "(a)   A request for hearing is filed not later than the *60th day after the claimant was notified of the denial;* or
>
> "(b)   The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file a request by the 60th day after notification of denial." (Emphasis supplied.)

We review for substantial evidence, *Armstrong v. Asten-Hill Co.,* 90 Or App 200, 752 P2d 312 (1988), and the parties agree that there was substantial evidence to support the referee's findings. Claimant filed a claim on May 15, 1985, and notification that it was denied was mailed by employer to claimant on August 20, 1985. Claimant did not receive the letter and first learned of the denial on June 18, 1986. He filed a request for hearing on June 24, 1986. Claimant's request was well beyond the 60-day and the 180-day limitation if the time limitation commences on the date of the mailing of the notice.

Claimant's first argument that the request was timely is that the language of ORS 656.319(1)(a) means that the time begins to run from the date when he receives notice. He

---

[1] Both statutes were amended in 1987 but the amendments do not relate to the provisions involved in this appeal.

focuses on the language of ORS 656.319(1)(a) that the request for hearing must be filed not later than the 60th day "after claimant was *notified* of the denial." The Supreme Court, in *Norton v. Compensation Department,* 252 Or 75, 448 P2d 382 (1968), construed notification to be when the notice of denial is mailed as specified in ORS 656.262(8). There is no question but that claimant did not request a hearing within 60 days after the date that employer mailed the notice of denial.

Claimant argues in the alternative that the fact that he did not receive the notice is an extenuating circumstance recognized by the court in *Norton* as a basis for relief from the time limitation. The court said in *Norton:*

> "It is, of course, conceivable that the mailing of the notice of denial will not bring notice of the denial to the workman within 60 days after the denial or will not bring notice within a reasonably substantial time after the mailing, all through no fault of the workman. What relief can be granted to the workman in such event will have to depend upon the particular circumstances of each case." 252 Or at 78.

In *Burkholder v. SAIF,* 11 Or App 334, 502 P2d 1394 (1972), we held, on the basis of that statement in *Norton,* that there were extenuating circumstances and that the claimant's request, although filed more than 60 days after the notice was mailed, was nevertheless valid. The principal extenuating circumstance was the fact that the insurer had mailed the notice of denial to an address at which claimant had never lived or received mail, even though his correct address was known. Although mailing is a method reasonably calculated to give notice to a claimant, the notice must at least be correctly addressed. When it is not, as in *Burkholder,* the notice in effect has not been mailed.

In this case, the notice was correctly addressed and mailed but was not received by claimant. There is no indication that the fact that the notice was not received was due to any fault of claimant or employer. The extenuating circumstance, claimant argues, is that he did not receive the notice. However, if that were considered one of the circumstances contemplated by the dicta in *Norton* and expanded as a principle of law in *Burkholder,* then the statutory period would in effect begin to run from the date that a claimant *received*

notice, which is directly contrary to the court's interpretation of the statute in *Norton.*

The workers' compensation system is purely a creature of statute and many of the provisions, such as filing deadlines and excuses for untimely filings, involve political accommodations of the competing interests of employers and claimants and the need for an orderly litigation system. Courts simply have no authority to add additional nuances to the legislative equation. The Supreme Court, in *Norton,* decided that the time limitation for contesting a denial begins when the denial is mailed. That is an interpretation of the statutory language. From that point, the statute provides clearly when the request for hearing must be filed to be on time—60 days, or 180 days if good cause can be shown. There is no statutory basis for adding a third category that excuses a request made after 180 days from the date of mailing, if there are "extenuating circumstances." Insofar as *Burkholder* suggests that a request filed after 180 days can ever be timely, it is disapproved.

Affirmed.

**NEWMAN, J.,** dissenting.

The majority asserts that ORS 656.319(1) means, without exception, that the date of mailing is the date on which a claimant is "notified" of the insurer's denial. Both *Norton v. Compensation Department,* 252 Or 75, 448 P2d 382 (1968), and *Burkholder v. SAIF,* 11 Or App 334, 502 P2d 1394 (1972), repudiate that inflexible position. As *Norton* says:

> "It is, of course, conceivable that the mailing of the notice of denial will not bring notice of the denial to the workman within 60 days after the denial or will not bring notice within a reasonably substantial time after the mailing, all through no fault of the workman. What relief can be granted to the workman in such event will have to depend upon the particular circumstances of each case." 252 Or at 78.

The referee found, and the parties do not dispute, that claimant did *not* receive insurer's denial letter of August 20, 1985. He first learned of the denial after June 18, 1986. He had not changed his address. He had regularly received mailings from insurer at that address. Absolutely nothing happened to alert him to the denial until he received the

settlement letter from insurer that referred to it. Then he acted immediately and requested a hearing. What more could he have done? Yet, the majority says he is cut off. The legislature did not intend such a startling result.

Contrary to the majority's position, the issue is not whether *the insurer* is at fault.[1] The majority misinterprets *Burkholder,* the point of which is *not* that the insurer was at fault because it misaddressed the envelope, but that the claimant, *through no fault of his own,* was not notified of the denial. It does not matter here that insurer correctly addressed the denial letter. The point is that claimant, through no fault of his own, was not notified of it.

The legislature never intended a Kafkaesque system that cuts off a claimant's remedy, even though he has no notice that he must act to preserve his rights. We decided *Burkholder* in 1972. ORS 656.319 *then* provided, *as it does today,* for a claimant to request a hearing within the 60-day and 180-day periods from the time when he is notified of the denial. Nonetheless, in *Burkholder* we applied *Norton* and ruled that the 60 day period did *not* begin to run on the date that the insurer mailed the denial letter, because the claimant, through no fault of his own, was not notified of the denial. The legislature has frequently amended the Workers' Compensation Law after 1972, but it has not amended ORS 656.319 to repudiate *Burkholder.*

*Burkholder* speaks to when a claimant is "notified" of a denial, as does *Norton. Burkholder* leaves undisturbed the 60-day and 180-day periods from the time of notification within which a claimant must request a hearing. Neither period begins to run until the claimant is notified of the denial; but, even if, as the majority asserts, my position creates a third time period, this is precisely what *Burkholder* allows in

---

[1] If insurer had acted in the manner then strongly advised by *former* OAR 438-05-065, it would have delivered the denial to claimant by "registered or certified mail with return receipt requested." Had the insurer used that form of mailing, it would then have had reason to believe that claimant had not received notice of the denial and it could have acted to see that he did receive it. The Board amended *former* OAR 438-05-065 after it heard this claimant's appeal to require that a notice of denial "*shall* be delivered by registered or certified mail with return receipt requested or by personal service * * *." (Emphasis supplied.)

"extenuating circumstances." It is precisely what the legislature has recognized by accepting that decision in the intervening years.

We should continue to construe the act in favor of the worker. In *Livingston v. State Ind. Acc. Com.*, 200 Or 468, 472, 266 P2d 684 (1954), the court stated:

> "This court has uniformly held that the provisions of the Workmen's Compensation Law should be interpreted liberally in favor of the workman, and particularly should this be so when we are confronted with a 'borderline' case. In the interests of justice, and to carry out the humane purposes of the Compensation Law, all reasonable doubts should be resolved in favor of the workman."

We need only follow our own precedents here to carry out the humane purposes of the act. The majority urges us to "disapprove" *Burkholder*. Why? It is consistent with a long tradition that an injured party should not lose his remedy because he is kept in ignorance of what he should do to gain redress.

I dissent.

Rossman, Deits and Riggs, JJ., join in this dissent.