Argued and submitted September 18, 1989, affirmed January 3, 1990

In the Matter of the Compensation of
Shelley F. Hempel, Claimant.

**HEMPEL,**
*Petitioner,*

*v.*

**SAIF CORPORATION et al,**
*Respondents.*

(WCB No. 86-15537; CA A50911)

784 P2d 1111

Thomas Cary, Eugene, argued the cause for petitioner. With him on the brief was Coons & Cole, P.C., Eugene.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

JOSEPH, C. J.

### JOSEPH, C. J.

Claimant seeks review of a Workers' Compensation Board order dismissing her claim. The Board ruled that she had not established good cause for failing to request a hearing within 60 days after the denial of her claim. ORS 656.319(1). We affirm, but on a ground different from the Board's.

Claimant was employed as a lumber grader in Bend during 1985 and 1986. In 1985, she noticed a pain in her right wrist. In January, 1986, she noticed a sharp increase in the pain. She reported the problem to the plant nurse and was treated. She missed no work. She was discharged in May, 1986, for reasons unrelated to her wrist. She was diagnosed as having tenosynovitis in June, 1986. Her doctor filed a report with SAIF in July, 1986, and she began receiving interim compensation. SAIF sent claimant a letter dated September 4, 1986, denying compensability. Claimant knew that a request for hearing had to be filed with the Board no later than 60 days from the date of the denial. The 60th day would be November 3, but she calculated that the 60th day would be November 4. On October 30, 1986, she wrote a letter to the Board requesting a hearing. Instead of mailing it, she gave the letter to a friend to deliver personally to the Board on November 4, 1986. The friend did not get to Salem on that day but mailed the letter on November 5. It was received by the Board on November 7.

The referee concluded that claimant's miscalculation of the last day of the period was the cause of the untimely filing and was not excusable; the Board concluded that the friend's failure to deliver the request on November 4 was dispositive and that it was not excusable neglect.

Claimant has the burden to establish good cause for failure to file timely. *Anderson v. Publishers Paper Co.,* 93 Or App 516, 518, 763 P2d 398 (1988). Good cause in this context means "mistake, inadvertence, surprise or excusable neglect," as those terms are used in ORCP 71B(1). *Barr v. EBI Companies,* 88 Or App 132, 137 n 4, 744 P2d 582 (1987). We agree that claimant did not show good cause for filing her request after the 60-day time period had expired, but we do not agree with the Board. Claimant failed to show good cause for miscalculating the filing deadline as November 4, instead of November 3. It does not matter why her friend did not mail

the notice until November 5, because the notice would have been late had she delivered it on the day on which she was told to deliver it, November 4.

Claimant knew that the notice had to be filed within 60 days of the date after the denial. No one and no thing led her to believe anything different, and no supervening event occurred to cause her to miscalculate. *Cf. Voorhies v. Wood, Tatum, Mosser,* 81 Or App 336, 725 P2d 405, *rev den* 302 Or 342 (1986) (claimant misled by insurer's representative).

Affirmed.