Argued and submitted January 12, affirmed June 27, 1990

In the Matter of the Compensation of
James G. Adams, Claimant.

## GIUSTI WINE CO.
and EBI Companies,
*Petitioners,*

*v.*

James G. ADAMS,
United Pacific Insurance, Western Employers Insurance
and Royal Insurance,
*Respondents.*

(86-08747, 85-15626, 86-01876, 86-08746; CA A61582)

794 P2d 451

Patric J. Doherty, Portland, argued the cause for petitioners. With him on the brief were Karli L. Olson and Rankin, VavRosky, Doherty, MacColl & Mersereau, Portland.

James L. Edmunson, Eugene, argued the cause for respondent James G. Adams. With him on the brief was Malagon, Moore & Johnson, Eugene.

Daryll E. Klein, Portland, waived appearance for respondent Royal Insurance.

Craig A. Staples and Roberts, Reinisch & Klor, P.C., Portland, waived appearance for respondent Western Employers Insurance.

O. R. Skopil, III and Cooney, Moscato & Crew, Portland, waived appearance for respondent United Pacific Insurance.

Before Graber, Presiding Judge pro tempore, and Riggs and Edmonds, Judges.

RIGGS, J.

Graber, P. J. pro tempore, concurring.

**RIGGS, J.**

Employer seeks review of an order of the Workers' Compensation Board after remand. In *Giusti Wine Co. v. Adams,* 94 Or App 175, 764 P2d 620 (1988), we remanded the case to the Board for a determination of whether claimant had "good cause" under ORS 656.319(1)(b) for failure to file a request for a hearing within the statutory period.[1] The Board concluded that claimant had good cause, and employer assigns error to that holding. We affirm.

We recite the facts from our first opinion:

"On August 19, 1985, [employer] issued a denial of responsibility for claimant's aggravation claim. It sent the letter by certified mail, return receipt requested, to claimant's correct address. Claimant did not claim the letter, despite notices left by the post office on August 21 and 27. On October 29, 1985, employer sent a copy of the notice of denial through the regular mail. Claimant received it on November 4, 1985. He filed a request for hearing on December 18, 1985." 94 Or App at 176.

The referee concluded that claimant had good cause for the late filing, because there was no evidence that he received notification of the August 19, 1985, denial until he received the copy on November 4. He reversed the denial.

On remand, the Board concluded:

"Claimant testified that he never received the post office's notices regarding the certified denial letter of August 19, 1985. The Referee found claimant to be credible, and we find no reason to disturb that finding on review. Accordingly, we find that, despite reasonable diligence, claimant did not receive actual notification of the denial until he received the second letter on November 4, 1985. Because claimant could not be expected to file a request for hearing on the denial prior to

---

[1] ORS 656.319(1) provides:

"With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

that date of notification, we find good cause for his delay in filing the hearing request. The hearing request is not barred. *See* ORS 656.319(1)(b)."

Employer argues that the Board's determination of good cause is not supported by substantial evidence and that the order is "legally erroneous because it equates 'notification' under ORS 656.319(1)(b) with receipt, not mailing."

We review the Board's determination of good cause for substantial evidence and errors of law. ORS 656.298(6); *Cowart v. SAIF,* 94 Or App 288, 290, 765 P2d 226 (1988). "Good cause in this context means 'mistake, inadvertence, surprise or excusable neglect,' as those terms are used in ORCP 71B(1)." *Hempel v. SAIF,* 100 Or App 68, 70, 784 P2d 1111 (1990). Claimant testified that he did not receive the denial letter of August 19, 1985, or any of the notices regarding that letter left at his address by the post office. The referee found that claimant's testimony regarding his back pain was credible, and he gave no indication that claimant's testimony regarding notification of the denial was not credible. Therefore, there was substantial evidence to support the Board's finding that claimant did not receive actual notification of the denial until November 4, 1985, despite reasonable diligence. The Board's finding to that effect supports its conclusion that claimant had good cause for filing a request for a hearing after the 60-day statutory period had run, because this claimant could not be expected or required to file a request for a hearing until he had actually been notified of the denial.

Employer argues that the Board's conclusion on good cause is inconsistent with *Norton v. Compensation Department,* 252 Or 75, 448 P2d 382 (1968), and urges us to adopt the analysis of the dissenting Board member:

"I do not consider claimant's alleged failure to receive post office notices of the certified letter as good cause because, if it is, the 60 day statutory period would in effect begin to run from the date that a claimant *received* notice. The *Wright* court has recently reasoned that such a principle is directly contrary to the Supreme Court's interpretation of ORS 656.319(1) in *Norton v. Compensation Department, [supra].* [*Wright v. Bekins Moving & Storage Co.,* 97 Or App 45, 775 P2d 857, *rev den* 308 Or 466 (1989).]" (Emphasis in original.)

In *Norton,* the Supreme Court held that the 60-day

period in ORS 656.319(1) "after the claimant was notified of the denial" begins to run the date that notice of the denial is mailed, not the date that it is received, because mailing notice to the correct address "is presumed to bring knowledge to the addressee of the notice." 252 Or at 78. In *Wright,* we held that a hearing request filed more than 180 days after the denial was mailed could not be timely. 97 Or App at 49. The issue in that case was whether there were "extenuating circumstances" that could be the basis for relief from the 180-day time limitation of ORS 656.319(1). 97 Or App at 48-49.

Here, the 60-day period in ORS 656.319(1) began running on August 19, 1985, when employer mailed the denial to claimant. *See Norton v. Compensation Department, supra,* 252 Or at 78. Accordingly, the hearing request was filed more than 60 days, but less than 180 days, after notification of the denial. Claimant is required to show good cause for failure to file by the 60th day after the denial was mailed to overcome the presumption that he had knowledge of the denial within the 60-day period. *See* ORS 656.319(1)(b). Claimant demonstrated good cause under the statute. The Board did not grant any relief from the statutory time limitation that is not provided by the statute, and it did not change the date that the statutory period effectively began to run.[2]

Affirmed.

**GRABER, P. J.** pro tempore, concurring.

I agree that we should affirm, but I write separately to state more precisely the issue and my view of its proper resolution.

The majority correctly notes that we review the Board's determination of good cause for substantial evidence and errors of law. ORS 656.298(6). There is only one material finding of fact that we must review for substantial evidence: "[T]hat, despite reasonable diligence, claimant did not receive actual notification of the denial until he received the second letter on November 4, 1985." I agree with the majority that substantial evidence in the record supports that finding.

The Board concluded that nonreceipt was good cause

---

[2] Employer's other arguments require no discussion.

for claimant's delay in filing the hearing request, reasoning that he could not be expected to file a request for hearing on a denial that he had not yet received. *See Hempel v. SAIF,* 100 Or App 68, 70, 784 P2d 1111 (1990). The sole legal issue is whether the Board's conclusion erroneously interpreted a provision of law. Employer contends that the finding of non-receipt is insufficient, as a matter of law, to constitute "good cause" under ORS 656.319(1)(b).

More specifically, employer asserts that *Norton v. Compensation Department,* 252 Or 75, 448 P2d 382 (1968), precludes the Board's interpretation of good cause. Employer is wrong, because *Norton* did not answer the question here: whether nonreceipt of the notice of denial can be good cause. *Norton* held that the 60-day period for measuring the time-liness of a claimant's request for hearing runs from the mail-ing of the notice. It also held that mailing creates a presumption of receipt. The Board's conclusion in the present case is not inconsistent with either of those principles.

*Norton* did *not* contain either of the holdings that employer ascribes to it. It did not make the presumption of receipt conclusive, as distinct from rebuttable, and it did not decide what the result would be if a particular claimant over-comes the presumption of receipt. The strongest evidence that the Board was correct on those two points is found in *Norton* itself:

> "It is, of course, conceivable that the mailing of the notice of denial will not bring notice of the denial to the workman within 60 days after the denial or will not bring notice within a reasonably substantial time after the mailing, all through no fault of the workman. What relief can be granted to the work-man in such event will have to depend upon the particular circumstances of each case." 252 Or at 78.

The majority cleanly disposes of employer's final argument, which rests on *Wright v. Bekins Moving & Storage Co.,* 97 Or App 45, 775 P2d 857, *rev den* 308 Or 466 (1989). There, we held that a request for hearing filed more than 180 days after the mailing of the denial could not be timely. Because the present request was filed more than 60, but less than 180, days after employer mailed the denial, *Wright* does not apply.

Accordingly, the Board's conclusion that claimant

demonstrated good cause under the statute is consistent with the governing statutes and cases. We must affirm.