Argued and submitted October 22, affirmed November 28, 1990

In the Matter of the Compensation of
Sheila A. (Morin) Cress, Claimant.
INTERNATIONAL PAPER COMPANY,
*Petitioner,*

*v.*

Sheila A. (Morin) CRESS,
Station House and SAIF Corporation,
*Respondents.*

(86-15248; 87-14036; CA A63238)

801 P2d 903

Paul L. Roess, Portland, argued the cause for petitioner. With him on the brief was Acker, Underwood, Norwood & Hiefield, Portland.

James L. Edmunson, Eugene, argued the cause and filed the brief for respondent Cress.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and David L. Runner, Assistant Attorney General, Salem, filed the brief for respondents SAIF Corporation and Station House.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Employer International Paper Company petitions for review of an order of the Workers' Compensation Board affirming the referee's holdings that employer and not Station House and its insurer, SAIF, is responsible for claimant's wrist injury, and that claimant had demonstrated "good cause" for her failure to file her request for hearing within 60 days after notification of employer's denial. ORS 656.319(1)(b).[1] The only issue on review is good cause. We affirm.

Employer issued a denial of claimant's wrist injury claim on August 14, 1986, by certified mail. Claimant was in the process of moving and had asked her mother to pick up her mail for her. Although the return receipt bears a signature purporting to be claimant's, she testified that she did not sign it. According to her, it was either her mother or her sister who signed the receipt. The Board found that she did not know about the denial until late October, 1986. Her request for hearing was filed on November 3, 1986, which was more than 60 days, but less than 180 days, after the denial was mailed.

Employer argues that the lack of actual notice does not constitute "good cause." Notwithstanding that, under ORS 656.319(1), notification occurs when a denial is mailed, the time for requesting a hearing may be extended for good cause. Lack of actual notice may constitute good cause. There is substantial evidence to support the Board's finding, and its finding supports its conclusion that claimant had "good cause" for filing a late request for hearing. *Giusti Wine Co. v. Adams,* 102 Or App 329, 332, 794 P2d 451 (1990).

Affirmed.

---

[1] ORS 656.319(1)(a) and (b) provide:

"With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."