Argued and submitted December 3, 1990, affirmed January 23, 1991

In the Matter of the Compensation of
Patrick R. Baur, Claimant.

## MORELOCK WOOD PRODUCTS
and Liberty Northwest Insurance Corporation,
*Petitioners,*

*v.*

Patrick R. BAUR
and Bend Millworks,
*Respondents.*

(WCB 87-06646, 88-06417; CA A63679)

804 P2d 519

Paul L. Roess, Portland, argued the cause for petitioners. On the brief was Acker, Underwood, Norwood & Hiefield, Portland.

Warren John West, Bend, filed the brief for respondent Patrick R. Baur.

Craig A. Staples, Portland, argued the cause for respondent

Bend Millworks. With him on the brief was Roberts, Reinisch & Klor, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Morelock Wood Products (Morelock) seeks judicial review of an order of the Workers' Compensation Board that assigned it responsibility for claimant's knee injury. We affirm.

In 1983, claimant injured his left knee while he was working as a press feeder for Bend Millworks. Dr. Carlson, an orthopedic surgeon, performed reconstructive surgery on the knee. Claimant was released to return to work and was awarded a 30% scheduled left knee disability benefit. In 1985, he started working as a forklift driver for Morelock. In late 1986, Morelock began processing pine products, which left a slippery residue on the plant floor, on which claimant fell numerous times. He noticed that his knee was less stable after each fall. Carlson examined him and diagnosed a possible tear of the meniscus. Claimant filed an aggravation claim related to his 1983 work injury at Bend Millworks.

Bend Millworks denied both compensability and responsibility. It moved to join Morelock and its insurer as necessary parties. On February 17, 1988, Morelock also denied compensability and responsibility. On February 25, 1988, claimant's attorney sent a letter to the referee that had a copy of Morelock's denial attached to it. The letter said:

> "Now that I have received [the attached denial from Morelock], I am at a loss as to what claimant should be doing inasmuch as Morelock * * * is in this case based upon [Bend Millworks'] motion. Proceduraly [sic], I am in a quandary."

The referee never responded to the letter.

Morelock filed a response that denied that claimant had sustained a work-related accidental injury or occupational disease and denied that it was responsible. The response also said:

> "The amount of time required to present the employer's side of the case will be one hour. The employer demands copies of all medical reports and all other documents pertaining to this claim, whether or not claimant intends to rely on them *at hearing*." (Emphasis supplied.)

Morelock's attorney then wrote a letter to another referee, saying:

"We enclose herewith copies of additional documents presumably relevant to the issues *raised by the Request for Hearing* filed with rgard [*sic*] to the referenced claim * * *." (Emphasis supplied.)

The Board issued a notice of hearing regarding the Bend Millworks and the Morelock claims, which said that the hearings in both cases had been consolidated. At the hearing, claimant's attorney orally requested a hearing regarding Morelock's denial letter. The referee issued an opinion and order in which he said that he had jurisdiction over the issues, because "claimant's February 25, 1988 letter constituted a Request for Hearing from the February 17, 1988 denial[.]" He upheld Bend Millwork's denial of claimant's aggravation claim,

"[because] it was not until January 1987 that claimant's knee began to feel like jelly after numerous falls at work, [claimant had suffered a new injury as a result of] his numerous slips and falls at work with Morelock Wood Products which independently and materially contributed to his subsequent disability."

That opinion was based in part on Carlson's opinion that claimant had suffered a new injury rather than an aggravation of his 1983 injury.[1] The Board affirmed, concluding that claimant's February 25, 1988, letter constituted a request for hearing.

Morelock assigns error to the Board's determination that the February 25 letter was a request for a hearing under ORS 656.319(1). It argues that the issuance of an order of joinder does not eliminate the need for a claimant to file a request for hearing, that there was no request for a hearing and that there is not substantial evidence to support the Board's assignment of responsibility.

■■ Under ORS 656.319(1), a referee has jurisdiction over a denial if a request for hearing is filed within 60 days after the denial was mailed, or within 180 days if good cause for the delay is shown. *See Giusti Wine Co. v. Adams,* 102 Or App 329, 332, 794 P2d 451 (1990). ORS 656.283(3) provides:

"A request for hearing may be made by any writing, signed by

---

[1] Carlson originally said that claimant had suffered an aggravation of his preexisting knee injury; however, he changed that opinion.

or on behalf of the party and including the address of the party, *requesting the hearing, stating that a hearing is desired,* and mailed to the board." (Emphasis supplied.)

Although claimant did not expressly request a hearing in his February 25 letter, Morelock treated the letter as a request by indicating in the response that its denial was at issue and requesting production by claimant of medical records in preparation for hearing. It cannot now argue that there was no request.[2]

Morelock also asserts that the Board erred in assigning it responsibility for claimant's knee condition. Substantial evidence supports the Board's decision. ORS 656.298(6).

Affirmed.

---

[2] Claimant argues that he had good cause for making a delayed request for hearing under ORS 656.319(1). Given our conclusion that Morelock's response to claimant's letter was a recognition of a request for hearing, we do not address that argument.