Argued and submitted February 15, affirmed June 19, 1991

In the Matter of the Compensation of
Loren P. Curtis, Claimant.

SAIF CORPORATION
and Precision Castparts,
*Petitioners,*

*v.*

Loren P. CURTIS,
*Respondent.*

(88-12404; CA A65942)

813 P2d 1112

John T. Bagg, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Phil H. Ringle, Jr., Gladstone, argued the cause for respondent. With him on the brief was Marva C. Fabien, Gladstone.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Employer seeks review of a decision of the Workers' Compensation Board affirming the referee and holding that claimant had good cause for filing his request for hearing on employer's denial more than 60 but less than 180 days after the notice of denial.[1] We conclude that the Board's findings are supported by substantial evidence and write only to address the legal issue raised by the petition.

SAIF sent the notice of denial by certified mail to claimant at the address provided by him, which was the home of his parents. The Board found that claimant's father signed for the letter, but did not remember what he had done with it, and that claimant never received the notice and did not learn of it until his treating doctor informed him that his bill for back surgery had been denied. By that time, more than 60 but less than 180 days had passed since the notice was mailed. He immediately contacted an attorney, who filed a request for hearing.

The Board concluded that claimant had established good cause, relying on our recent decision in *Giusti Wine Co. v. Adams,* 102 Or App 329, 794 P2d 451 (1990). There, we held that the Board's finding that the claimant had not received the notice of denial until after 60 days had passed supported its conclusion that the claimant had good cause for filing a late request for hearing within 180 days, "because this claimant could not be expected or required to file a request for a hearing until he had actually been notified of the denial." 102 Or at 332.

Employer contends that it has met its obligation to give notice of the denial and that claimant has not met his burden to show good cause for his failure to timely appeal its denial. The Supreme Court held in *Norton v. Compensation*

---

[1] ORS 656.319(1)(a) provides:

"With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a) A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b) The request is filed not later than the 180th day after notification of denial and the claimant establishes at a hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

*Department,* 252 Or 75, 448 P2d 382 (1968), that notification to the claimant occurs when the notice is mailed, *see also Cowart v. SAIF,* 86 Or App 748, 740 P2d 249 (1987), rather than when it is received. That is to say that the time starts to run when the notice is mailed. That is not the issue here. We have held that a claimant's failure to receive a properly mailed notice can form the basis for a claim of good cause for failure to request a hearing within 60 days of the notice under appropriate circumstances. *Giusti Wine Co. v. Adams, supra,* 102 Or at 333.

Employer contends that the Board erred in concluding that claimant had shown good cause. The three cases on which employer primarily relies are not helpful to it. In *Anderson v. EBI Companies,* 79 Or App 345, 349, 718 P2d 1383, *rev den* 301 Or 445 (1986), the claimant, who was incarcerated, asked that all correspondence be sent to his mother's house. The notice of denial was sent to that address; however, the claimant did not actually receive it until after he was released from prison approximately one month later. He did not request a hearing until more than 180 days after the date of the denial. We held that the request was untimely. The question of good cause was not relevant, because the request for hearing had been filed more than 180 days after the denial had been mailed, beyond the time during which a claimant may show good cause. *See also Wright v. Bekins Moving and Storage Co.,* 97 Or App 45, 775 P2d 857, *rev den* 308 Or 466 (1989).

In *Kalakay v. City of Eugene,* 92 Or App 699, 759 P2d 336 (1988), the notice of denial was sent to the correct address for the claimant and her roommate, but the claimant did not personally receive it. She filed a request for hearing more than 180 days after the notice was sent. We affirmed the Board's decision that the request was untimely. Good cause was not an issue, because the request was not made within 180 days of notice of denial.

Neither *Anderson v. EBI, supra, Wright v. Bekins Moving and Storage Co., supra,* nor *Kalakay v. City of Eugene, supra,* presented the issue of good cause; they addressed only the validity of the notice and the timeliness of the request for hearing that was made more than 180 days after notice. They are not authority for the result that

employer seeks and are not inconsistent with our opinion in *Giusti Wine Co. v. Adams, supra,* or the Board's opinion that nonreceipt of notice constitutes good cause under these circumstances.

As employer notes, we have long grappled with how we review the good cause determination. *See Anderson v. Publishers Paper Co.,* 93 Or App 516, 763 P2d 398 (1988); *Giusti Wine Co. v. Adams, supra,* 102 Or App at 334 (Graber, J., concurring.) In 1980, when our review of workers' compensation cases was *de novo,* the Supreme Court said, in *Brown v. EBI Companies,* 289 Or 455, 460 n 3, 616 P2d 457 (1980), that the Board's determination of good cause is a matter of "agency judgment in the sense stated in *McPherson v. Employment Division,* 285 Or 541, 591 P2d 1381 (1979)." We questioned the correctness of that statement in our opinion in *Anderson v. Publishers Paper Co., supra,* but did not need to meet squarely the issue of the standard for our review at that time. We decided only that the Board should reconsider its decision, considering, as required by *Sekermestrovich v. SAIF,* 280 Or 723, 573 P2d 275 (1977), whether the failure timely to request a hearing was mistake, inadvertence or excusable neglect under ORCP 71B(1). 78 Or App at 517.

In several cases subsequent to *Brown* and *Anderson,* but not subject to the 1987 legislative changes eliminating *de novo* review, Or Laws 1987, ch 884, § 12a, we reviewed the question of good cause *de novo,* despite the Supreme Court's comment in *Brown. Anderson v. Publishers Paper Co.; supra,* 93 Or App at 518; *Barr v. EBI Companies,* 88 Or App 132, 137, 744 P2d 582 (1987); *Voorhies v. Wood, Tatum, Mosser,* 81 Or App 336, 725 P2d 405, *rev den* 302 Or 342 (1986).

Even after the 1987 legislation, some of our opinions still read as though we were evaluating, in the first instance, whether the facts constituted good cause. *Giusti Wine Co. v. Adams, supra; Hempel v. SAIF,* 100 Or App 68, 70, 784 P2d 1111 (1990). In her concurring opinion in *Giusti,* Judge Graber took issue with the wording of the majority opinion suggesting that standard for review. She wrote: "The sole legal issue is whether the Board's conclusion erroneously interpreted a provision of law." 102 Or App at 334. In her

view, the case had to be affirmed, because the Board's conclusion that the claimant had demonstrated good cause was consistent with the governing statutes and cases.

In *Freres Lumber Co. v. Jegglie,* 106 Or App 27, 806 P2d 164 (1991), we followed that analysis. The claimant had failed to file a request for hearing, because he believed that his attorney would handle the matter. The attorney had not timely filed the request for hearing, because he had not received notice of the denial, as required by statute. We held that the Board's decision that those circumstances constituted good cause was consistent with ORS 656.319(1)(b) and the cases decided thereunder.

We are persuaded that that is the correct standard for our review of the Board's decision under ORS 183.482(7) and (8). We may reverse the Board only if its findings are not supported by substantial evidence or if it has erroneously interpreted a provision of law. ORS 183.482(8)(a). As we have held, the Board's findings here are supported by substantial evidence. The Board's decision that the circumstances here constitute good cause is not erroneous as a matter of law.

Affirmed.