Argued and submitted January 26, affirmed May 29, 1996

James L. LOLLEY,
*Petitioner,*

*v.*

SAIF CORPORATION
and Department of Consumer and Business Services,
*Respondents.*

(H94-034; CA A87859)

917 P2d 1067

Brad L. Larson argued the cause and filed the brief for petitioner.

Michael O. Whitty, Special Assistant Attorney General, argued the cause for respondents. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Claimant seeks review of an order of the Department of Consumer and Business Services (DCBS), contending that DCBS erred in granting SAIF's motion to dismiss claimant's request for vocational assistance because he did not have good cause for his failure to appear at a scheduled hearing. We review for substantial evidence and errors of law under ORS 183.482(8) and affirm.

In May 1994, claimant's counsel requested that the Dispute Resolution Section of the Workers' Compensation Division conduct an administrative review of SAIF's denial of claimant's request for vocational assistance. The Division dismissed the request, ruling that claimant had not sought review within 60 days of the denial as required by ORS 656.283. Following that order, claimant's counsel requested a hearing before the director of DCBS on the order of dismissal. A hearing was scheduled for September 19, 1994. The notice of the hearing was sent to claimant's counsel, who received it on August 15, 1994. The notice provided, in part:

> "Pursuant to a request for hearing dated May 19, 1994, this contested case is set for hearing as follows:
>
> "Date:   September 19, 1994
>
> "Time:   10:00 a.m.
>
> "Place:   Basement - Hearing Room A - Labor and Industries Building Department of Consumer and Business Services 350 Winter Street SE Salem, Oregon[.]"

Claimant's counsel informed claimant of the date and time for the hearing. However, claimant and his counsel did not appear at the hearing because counsel mistakenly believed that the hearing would occur through a telephone conference call. At the scheduled time, they were in claimant's attorney's office.

When claimant failed to appear personally at the hearing, SAIF moved to dismiss his request for a hearing. The administrative law judge (ALJ) deferred ruling on the motion and allowed claimant to submit additional written argument. In October 1994, the ALJ, acting on behalf of the director, ruled:

"Claimant received notice that the hearing on September 19, 1994 was to be an in-person hearing in Salem at 10:00 a.m.

"Claimant's failure to appear for the September 19, 1994 in-person hearing did not constitute 'good cause.' "

Claimant requested reconsideration of the ALJ's order and an opportunity to present evidence about his failure to appear. A hearing was held in December 1994. After the hearing, the ALJ entered a "Reconsidered Preliminary Order" in which she made the following findings:

"On August 11, [1994], a hearing notice was sent to claimant's attorney addressed to 525 N.E. Oregon Street #303, Portland, Oregon 97232. He received the notice on August 15, 1994.

"The Notice of Hearing was also sent to SAIF's counsel. He received the notice on August 18, 1994.

"The hearing notice stated that the hearing would be held on September 19, 1994 at 10:00 a.m. in Hearing Room A at the Labor and Industries Building in Salem, Oregon.

"The hearing notice was not sent to claimant * * * but his attorney notified him about the hearing by telephone the Friday before the September 19, 1994 hearing."

The ALJ concluded:

"Claimant's lack of notice of the in-person hearing did not constitute good cause for his failure to attend because his attorney, acting as his agent with regard to this matter, did receive notice."

■ On review, the gravamen of claimant's argument is that there must be personal service on each party at every procedural step of the process. In his first assignment of error, he argues that the ALJ erred in "holding that a Notice of Hearing to [claimant's counsel] was notice to [claimant] in compliance with ORS 183.415 and OAR 436-01-020," and relies on those sources as authority for his argument. ORS 183.415 provides, in part:

"(1) In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice, served personally or by registered mail.

"(2)    The notice shall include:

"(a)    A statement of the party's right to hearing, or a statement of the time and place of the hearing;

"(b)    A statement of the authority and jurisdiction under which the hearing is to be held;

"(c)    A reference to the particular sections of the statutes and rules involved; and

"(d)    A short and plain statement of the matters asserted or charged."

*Former* OAR 436-01-020,[1] which governed contested case notices, implemented and essentially mirrored the provisions in ORS 183.415. It provided:

"Reasonable notice of a contested case hearing shall be served on all parties. The notice shall include:

"(1)    The time and place of the hearing;

"(2)    A statement of the authority and jurisdiction under which the hearing is held;

"(3)    Reference to the particular statutes and rules involved; and

"(4)    A statement of the matters asserted or charged."

Both the statute and administrative rule cited by claimant apply to the notice requirement to a party in a contested case proceeding. As part of its initial order of dismissal, dated May 17, 1994, the Division included the following notice in its order dismissing claimant's request for administrative review:

"NOTICE TO ALL PARTIES:    If you disagree with this order, you may request a hearing before the Director as provided by ORS 656.704(2) and the Administrative Procedures Act (ORS Chapter 183). Your request must be submitted in writing, directed to the Administrator of the Workers' Compensation Division * * *. The request for hearing must be received by the Administrator within 30 calendar days from the date of mailing of copies of this order to the parties.

---

[1] This rule was repealed effective February 12, 1996. The Model Rules of Procedure in Contested Cases have replaced *former* OAR 436-01-020.

The hearing will be by telephone conference, unless otherwise requested, and the scope of the hearing will be limited to the jurisdictional basis for this dismissal. If you do not file a request for hearing within the time allowed, this dismissal order will become final and will not be subject to review by any agency or court."

Claimant's reliance on ORS 183.415 and OAR 436-01-020 as authority for the proposition that he was entitled to personal notice of the September hearing is misplaced. The Division complied with those provisions when it issued the order of dismissal. There is nothing in the provisions that requires that the notification be repeated throughout every intermediate stage of the proceedings, once proper notice was given. Accordingly, we conclude that the statute and the rule did not govern the notice requirements for the September hearing, and we reject claimant's first assignment of error.

■ In his second assignment of error, claimant contends that the ALJ erred in concluding that he did not demonstrate good cause for his failure to appear at the hearing. Claimant first argues that the appropriate test for good cause is articulated in OAR 438-06-071.[2] However, claimant did not make that specific argument to the ALJ, and we decline to address it. Rather, the ALJ concluded that claimant's failure to appear did not constitute good cause based on *former* OAR 436-01-200,[3] which provides:

"(1)   Except as provided in section (2), failure of a party to appear at the hearing shall be considered a default and a waiver of all rights except the right to be served with a copy of the department's decision and the right to request judicial review * * *.

---

[2] OAR 438-06-071 provides:

"(1)   A request for hearing may be dismissed if a referee finds that the party that requested the hearing has abandoned the request for hearing or had engaged in conduct that has resulted in an unjustified delay in the hearing of more than 60 days.

"(2)   Unjustified failure of a party or the party's representative to attend a scheduled hearing is waiver of appearance. If the party that waives appearance is the party that requested the hearing, the referee shall dismiss the request for hearing as having been abandoned unless extraordinary circumstances justify postponement or continuance of the hearing."

[3] Effective February 13, 1996, OAR 436-01-200 has been repealed.

"(2) Upon a showing of good cause, the hearings officer may excuse a party's failure to appear, and postpone or reconvene the hearing."

For purposes of the rule, good cause is defined in OAR 436-01-004(7),[4] which provides:

" 'Good Cause' means a cause beyond a person's reasonable control."

In her order, the ALJ concluded:

"[I]nasmuch as the Notice of Hearing clearly stated the time, date and place of the hearing, I further find the claimant has failed to establish good cause for his failure to appear at the hearing."

■     The ALJ's findings are supported by substantial evidence. We may reverse her decision only if she has erroneously interpreted a provision of law. *SAIF v. Curtis*, 107 Or App 625, 630, 813 P2d 1112 (1991). Claimant asserts that he had good cause for failing to appear at the hearing because he did not receive notice of the hearing. However, claimant, through his attorney, received notice of the time and place of hearing. That notice is imputable to claimant. Under the circumstances, the ALJ did not err when she held that claimant did not establish good cause for his failure to appear at the hearing.

Affirmed.

---

[4] Effective February 12, 1996, OAR 436-01-004(7) was renumbered as OAR 436-001-0004(7). There were no substantive changes to the rule.