Argued and submitted March 25, affirmed April 20,
reconsideration denied June 4,
petition for review denied June 30, 1981 (291 Or 151)

In the Matter of the Compensation
of Cecil K. Syphers, Claimant.

SYPHERS,
*Petitioner,*

*v.*

K-W LOGGING, INC.,
*Respondent.*

(WCB No. 79-4998, CA 19689)

627 P2d 24

Dwight Ronald Gerber, Florence, argued the cause and filed the brief for petitioner.

Margaret H. Leek Leiberan, Portland, argued the cause for respondent. With her on the brief was Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant appeals a determination by the Workers' Compensation Board (Board) affirming the dismissal of his claim for aggravation because of the lack of timely filing of the request for hearing. Only one issue raised by claimant requires discussion.

Claimant requested a hearing on or about the same date he filed his claim, and prior to the denial by the carrier of the claim; he did not renew the request after the claim was denied. Claimant contends that a hearing may be requested at any time, pursuant to ORS 656.283(1), which provides in relevant part:

"(1) Subject to ORS 656.319, any party or the director may at any time request a hearing on any question concerning a claim. * * *"

Claimant's position is that, until the claim is accepted or denied, there is a "question" concerning the claim. Hence, it is contended, a hearing may be properly requested at the time a claim is filed, and no renewal of that request is required after the denial.

ORS 656.319, to which ORS 656.283 is expressly subject, requires that a request for hearing be filed no later than 60 days after the claimant is notified of the denial of the claim. ORS 656.262(5) and (8) allow the carrier 60 days in which to accept or deny the claim, or risk penalties. The statutory scheme does not reasonably permit a hearing on compensability of the claim prior to a timely acceptance or denial or prior to the expiration of the time in which the carrier may investigate and consider the claim without risking penalties. Until one of those events occurs, it is not known whether a hearing will be necessary or, if so, what issue or issues will be presented at the hearing. Claimant's request for a hearing on the sole question of whether the claim should be accepted was premature and therefore ineffective. *See Johnson v. Assured Employed,* 277 Or 11, 14-16, 558 P2d 1228 (1977) (civil appeal prior to a final order does not ripen into proper appeal on the entry of a final order, and court lacked jurisdiction).

Affirmed.