In the Matter of the Compensation of
John R. Thomas, Claimant.

THOMAS,
*Petitioner,*

*v.*

SAIF CORPORATION,
*Respondent.*

(80-10051; CA A26077)

667 P2d 565

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Appellate Counsel, State Accident Insurance Fund Corporation, Salem, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Claimant appeals an order on review of the Workers' Compensation Board, which reversed the opinion and order of the referee, holding that the referee and the Board lacked jurisdiction to consider claimant's claim. Because we conclude that SAIF waived its right to assert any defects in claimant's request for hearing, we reverse and remand.

Claimant sustained an injury to his back on January 20, 1979. A determination order was issued on October 15, 1979, awarding claimant 10 percent unscheduled permanent partial disability. By a stipulated order of April 30, 1980, he was awarded an additional 10 percent permanent partial disability.

On June 2, 1980, Dr. Gilsdorf requested authorization from SAIF to perform a spinal fusion. SAIF sent claimant to Southern Oregon Medical Consultants, who stated on July 10, 1980, that they did not believe claimant would be helped by a spinal fusion. On August 12, 1980, SAIF denied his claim for aggravation. He did not file a request for hearing on that denial until November 6, 1980. On April 6, 1981, Dr. Gilsdorf performed a laminotomy and a fusion on claimant's back, and, as a result, claimant's condition greatly improved. SAIF was notified of the surgery on April 30 by receipt of reports from Dr. Gilsdorf. On June 17, 1981, a hearing was held in response to claimant's November 6, 1980, request. At the hearing, his attorney stated:

> "There's a separate issue which has not been heretofore raised by Request for Hearing, but which I discussed with Mr. Nyburg prior to the hearing, which is essentially that the claimant has an alternative theory, it being that on or about February or March of 1981, the claimant's condition having continued to aggravate, that when he reported to Dr. Gilsdorf again on or about March of 1981 and was submitted to a further myelogram and a further surgery — excuse me, and a surgery, that that in and of itself constituted a separate aggravation claim. * * *"

SAIF raised no objection at the hearing to consideration of the latest aggravation claim. The hearing was continued through January 21, 1982, to allow the parties to take depositions. The

referee found that claimant's request for hearing on the August 12, 1980, denial of his aggravation claim was not timely; however, he went on to find that claimant's latest aggravation claim had merit and ordered that that condition, which required surgery in April, 1981, be accepted.

SAIF requested Board review, and in its brief to the Board it argued only that claimant had failed to show a "medically verified worsening condition resulting from the January 1979 industrial injury." The Board, *sua sponte,* decided that claimant had not validly requested a hearing on his latest aggravation claim and that neither the referee nor the Board had jurisdiction to consider the claim.

SAIF argues the Board should be affirmed, relying on *Syphers v. K-M Logging, Inc.,* 51 Or App 769, 627 P2d 24, *rev den* 291 Or 151 (1981), in which we held that until a claim is accepted or denied, or until the period of time has run during which a carrier may do either, there is no question concerning the claim on which to base a request for hearing and that a request made during that period of time is premature and of no effect.

The aggravation claim in this case was made on April 30, 1981, when SAIF received Dr. Gilsdorf's report of the surgery. ORS 656.273(3).[1] SAIF does not contend otherwise. During the brief time between that report and the hearing requested on the denial of the first aggravation claim, SAIF neither accepted nor denied that claim, and claimant did not file a request for hearing on that claim. SAIF impliedly denied the second claim by making no objection to the referee's disposing of it during the hearing initially requested on the denial of the first aggravation claim. Claimant's request for hearing on the second claim was asserted orally at the commencement of that hearing, when his attorney stated that it was an issue.

Not only did SAIF fail to object to litigating that claim, it did not request a 60 day, or any, continuance within

---

[1] ORS 656.273(3) provides:

"A physician's report indicating a need for further medical services or additional compensation is a claim for aggravation."

which to decide whether to accept or deny the claim.[2] Rather, it proceeded to litigate the questions relating to that claim. Furthermore, the hearing was continued for six months after all testimony was concluded to permit additional evidence to be adduced by both parties.

Our holding in *Syphers* does not deprive the referee or Board of jurisdiction when the employer or insurer fails to object in any manner to proceeding with a hearing that is conducted as a result of a premature request. We held only that the employer has the absolute right to object and that, if it does so, the referee may not proceed with the hearing. *Syphers* is not applicable here.

If the Board is correct, both SAIF's right to accept or deny the claim and claimant's right to request a hearing on a *de facto* denial would have expired prior to the time when the hearing was closed. Because SAIF did not object to litigating the issues involved in the second aggravation claim or request a continuance to investigate that claim, claimant reasonably believed that he had perfected that claim and that he would not be foreclosed from a hearing by a later determination, after all of his rights had expired, that his request was premature. In *Syphers*, the employer raised the question; here, SAIF did not. SAIF's failure to object or to request a continuance constituted a denial of the claim and a valid waiver of all procedural errors relating to the litigation of the claim.

It follows that the Board erred as a matter of law in deciding, on its own motion, that neither it nor the referee had jurisdiction to decide the second aggravation claim.

Reversed and remanded for determination of the merits of the claim.

---

[2] If SAIF had objected to the procedure at the time of the hearing or had requested a continuance, it would have been a proper objection or request. However, if the proceeding had been dismissed or continued, claimant could have waited 60 days until the claim was accepted or denied and then validly requested a hearing if the claim was denied. SAIF's conduct here amounted to a *de facto* denial, and claimant was entitled to a hearing on that denial.