Argued and submitted June 2, reversed and remanded in part, affirmed in part
September 10, 1986

In the Matter of the Compensation of
William E. Carr, Claimant.

CARR,
*Petitioner,*

*v.*

ALLIED PLATING COMPANY, INC. et al,
*Respondents - Cross-petitioners,*

*and*

WADE'S TIRE CENTER, INC. et al,
*Respondents - Cross-respondents.*

(83-05764 & 83-07625; CA A37118)

724 P2d 930

Frank A. Moscato, Portland, argued the cause for petitioner. On the brief were Willard E. Merkel and Galton, Popick & Scott, Portland.

Cynthia S. C. Shanahan, Portland, argued the cause for respondents - cross-petitioners. With her on the brief were William H. Replogle and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Craig Staples, Portland, argued the cause for respondents - cross-respondents. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Claimant seeks review of a Workers' Compensation Board order affirming the referee's order holding that, although claimant proved his aggravation claim against Allied Plating Company, Inc. (Allied), the claim is barred by *res judicata*. Allied cross-petitions and seeks review of the portion of the Board's order which affirmed the referee's finding that claimant had suffered only worsened symptoms of an existing occupational disease, rather than a worsening of the disease, at Wade's Tire Center, Inc. (Wade's).

Our *de novo* review of the facts does not correspond in every detail to either the referee's or the parties' versions. Claimant has had elbow pain in his left arm since 1977. In 1978, he left work and saw an orthopedist, who diagnosed epicondylitis related to his job at Allied. On December 2, 1980, claimant was awarded 15 percent scheduled permanent partial disability. In the spring of 1981, claimant obtained a job as a janitor at Mary Jane's Wheat Factory. He had difficulty with his arm at Mary Jane's and was laid off in May because he could not do the work. In June, 1981, he filed a claim against Mary Jane's. SAIF, the insurer, denied responsibility. He then filed an aggravation claim against Allied, which also was denied. (We refer to the claims against Mary Jane's and Allied collectively as "the 1981 claim".) In December, 1982, a hearing was held on the 1981 claim. Mary Jane's was dismissed as a party, because claimant had failed to request a hearing within 180 days after the denial. The referee found that claimant had not proved his aggravation claim against Allied. Claimant did not seek Board review.

Meanwhile, in March, 1982, he went to work for Wade's, separating metals. At first he was able to do the work, but he began to have problems with his arm when the job required the use of a sledgehammer. He left Wade's in October, 1982, and returned to work for Allied. Claimant left Allied in November, 1982, because he was unable to do the work. As a result, in April, 1983, claimant filed another aggravation claim against Allied. Allied denied responsibility and suggested that claimant file a claim with Wade's. He did so, but Wade's denied responsibility on the ground that the claim was not timely filed. Although these claims were filed in 1983, we refer to them for clarity collectively as "the 1982

claim," because the work activity precipitating the claims occurred in 1982. Claimant requested a hearing.

As to the claim against Wade's, the referee held that the claim was timely, but that claimant had failed to prove that there was a worsening of the underlying disease, and upheld the denial. As to the aggravation claim against Allied, the referee held that, although claimant proved that he had suffered an aggravation, claimant was barred by *res judicata* from pursuing that claim:

> "The present * * * 1982 aggravation claim is based on Dr. Eckhard's chart notes that were available prior to the * * * hearing [on the 1981 claim]. Even if Dr. Eckhardt did not interpret the chart notes in a manner to support an aggravation claim until after the * * * hearing, his interpretation could have been obtained before the hearing.

> "By failing to raise the issue of [a] 1982 aggravation at the December 1982 hearing, I find claimant is now barred from pursuing his * * * 1982 aggravation claim."

The referee concluded that Allied was responsible only for medical services. ORS 656.245.[1] The Board affirmed.

■       *Res judicata* bars claims which were or could have been litigated in a prior proceeding. *Million v. SAIF,* 45 Or App 1097, 1102, 610 P2d 285, *rev den* 289 Or 337 (1980). Collateral estoppel precludes relitigation of issues actually litigated and determined if their determination was essential to the prior judgment. *See State Farm Fire and Cas. v. Reuter,* 299 Or 155, 158, 700 P2d 236 (1985); *Million v. SAIF, supra,* 45 Or App at 1102. Collateral estoppel does not apply here, because the 1982 claim was neither actually litigated in, nor essential to, resolution of the 1981 claim. *Million v. SAIF, supra.* Allied argues, however, that *res judicata* bars the 1982 claim, because it could have been litigated with the 1981 claim. We disagree.

■■       In applying *res judicata,* the first issue is whether the second action is on the "same cause of action" as the first. *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 191-92, 531 P2d 266

---

[1] At least the Board thought that the referee held Allied responsible for medical services. It is not clear to us that the referee held Allied responsible for anything, because her order simply "dismissed Allied as a party." In any event, this apparent discrepancy does not matter, given our disposition of the case.

(1975). A cause of action is an aggregate of operative facts which compose a single occasion for judicial relief; the number of operative facts that should be viewed as included within a single cause of action must be determined pragmatically, on the basis primarily of practical trial convenience considerations. *Dean v. Exotic Veneers, Inc., supra,* 271 Or at 193; *Stowell v. R.L.K. and Company,* 66 Or App 567, 572, 675 P2d 1074 (1984).

■ As a practical matter, an attempt to litigate the 1982 claim at the hearing on the 1981 claim would have caused further delay in resolution of the 1981 claim. The 1982 claim could not be resolved without joining a new party (Wade's). Wade's would have been entitled to a 60-day period either to accept or to deny the claim before claimant requested a hearing. *See* ORS 656.262(6); *Syphers v. K-W Logging, Inc.,* 51 Or App 769, 771, 627 P2d 24, *rev den* 291 Or 151 (1981). The parties would have needed extra time to gather medical evidence on causation, because the 1982 claim arose from events occurring up until a month or two before the December 22 hearing. For those reasons, we hold that the 1981 and 1982 claims do not involve the same set of operative facts and, thus, are not the "same cause of action" for *res judicata* purposes. The Board erred in holding that the 1982 aggravation claim against Allied was barred by *res judicata.*

■ We turn to the cross-petition. We agree with the Board and the referee that claimant failed to prove a worsening of the underlying condition. Claimant's orthopedist's testimony establishes only that the symptoms of the disease worsened. The Board and the referee did not err in holding that Allied is the responsible employer. *See Fred Meyer v. Benjamin Franklin Savings & Loan,* 73 Or App 795, 799, 700 P2d 257, *rev den* 300 Or 162 (1985).

Reversed and remanded on the petition; affirmed on the cross-petition.