Argued and submitted April 10, affirmed October 28, 1987

In the Matter of the Compensation of
Carolyn K. Barr, Claimant.

BARR,
*Petitioner - Cross-Respondent,*

*v.*

EBI COMPANIES et al,
*Respondents - Cross-Petitioners,*

*and*

SAIF CORPORATION et al,
*Respondents.*

(WCB 84-04731, WCB 85-05501; CA A40548)

744 P2d 582

Lawrence B. Rew, Pendleton, argued the cause for petitioner - cross-respondent. With him on the brief was Corey, Byler, Rew, Lorenzen & Hojem, Pendleton.

Jerald P. Keene, Portland, argued the cause for respondents - cross-petitioners EBI Companies and Villa Royal Health Care. With him on the brief was Roberts, Reinisch & Klor, Portland.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents SAIF Corporation and Amber Valley Care Center. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

Claimant petitions for review of a Workers' Compensation Board order that affirmed the referee's order denying benefits. The Board agreed with the referee that claimant's initial hearing request on EBI's denial was premature and that she had failed to establish good cause for her untimely second hearing request. We affirm.[1]

Claimant sustained a compensable injury while working for Villa Royal Health Care, EBI's insured, in March, 1979. In January, 1984, claimant became disabled while working for SAIF's insured. She filed a claim for occupational disease, which SAIF denied.

On February 24, 1984, claimant mailed EBI notice of a claim for aggravation of her 1979 injury. EBI received it on February 27. Claimant filed a request for hearing on April 26, 59 days after EBI had received the claim and 62 days after claimant had mailed the notice of claim. EBI denied the claim on May 7. Claimant filed another request for hearing on July 12, more than 60, but fewer than 180, days after EBI's denial.

On review, claimant contends that the Board erred in dismissing her claim, arguing that her first hearing request was not premature and that she had shown good cause for the untimely filing of her second hearing request. We first address the issue of the prematurity of the April hearing request.

In order to obtain medical services or disability compensation on an aggravation claim, a claimant must "file" the claim with the insurer or self-insured employer, ORS 656.273(2), which must accept or deny it within 60 days after "notice or knowledge of the claim," ORS 656.262(6), or risk imposition of penalties and the assessment of attorney fees. ORS 656.262(10); ORS 656.382. A claim is deemed denied *de facto* after expiration of the 60-day period, if the insurer or self-insured employer has not accepted or denied it. *Syphers v. K-W Logging, Inc.*, 51 Or App 769, 771, 627 P2d 24, *rev den* 291 Or 151 (1981). A claimant may request a hearing on a denial within 60 days after either "the mailing of the notice of denial," ORS 656.262(8), or the *de facto* denial. *Syphers v.*

---

[1] At oral argument claimant abandoned her petition as to SAIF and Amber Valley Care Center, its insured, and we therefore affirm as to those respondents also. Because we affirm on the petition, we need not address EBI's cross-petition.

*K-W Logging, Inc., supra.* A premature request for a hearing on the issue of whether a claim should be accepted is ineffective and void. *Syphers v. K-W Logging, Inc., supra.*

■ Claimant equates EBI's "notice or knowledge" of her aggravation claim with her mailing of the notice of that claim and would compute the 60-day period during which EBI had to accept or deny it as beginning on the date of that mailing. By that computation, her April 26, 1984, request for hearing would not be premature. She relies on *Norton v. Compensation Department,* 252 Or 75, 448 P2d 382 (1968), and *Madewell v. Salvation Army,* 49 Or App 713, 620 P2d 953 (1980). Those cases, however, are not helpful to her, and she overlooks *Bergeron v. Ontario Rendering Co.,* 34 Or App 1025, 580 P2d 216, *rev den* 284 Or 80 (1978), in concluding that they are helpful.

By analogy, *Norton* supports EBI's position, rather than claimant's. *Norton* involved the timeliness of a request for hearing *after* the claimant had received notice that his claim had been denied. The request was received 61 days after the date of mailing of the denial but only 60 days after its receipt by the claimant. ORS 656.262(6), as it then read, provided: "The workman may request a hearing on the denial at any time within 60 days after the mailing of the notice of denial."[2] ORS 656.319(2)(a) then provided:

> "With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless a request for hearing is filed within 60 days after the claimant was notified of the denial."

Although the claimant had mailed the request for hearing within 60 days of his receipt of the denial, because it was received, *i.e.,* was filed, *more than* 60 days after the denial was mailed, the Supreme Court held the request to be untimely.[3]

---

[2] That language now appears in ORS 656.262(8).

[3] In *Bergeron v. Ontario Rendering Co., supra,* the claimant sought review of a determination order that was *mailed* on October 8, 1975. On October 6, 1976, claimant *mailed* a request for a hearing, but it was not received by the Board until October 11, more than a year after the date on which the determination order had been mailed. We applied the holding in *Norton:*

> "Claimant argues that under ORS 656.383(2), the mailing of the request [for a hearing] within the one-year period was sufficient. In *Norton v. Compensation*

Here the request for hearing was received by EBI *less* than 60 days after the claim for aggravation was filed.

In *Madewell,* we treated the claimant's request for hearing as timely, because the employer offered no proof of the date of mailing of the letter denying the claim. Here, there is no issue as to the date of the denial.

■      ORS 656.273, which deals specifically with aggravation claims, repeatedly states that such claims must be "filed" with the insurer or self-insured employer. "Filing" has been held to mean receipt. *See Bergeron v. Ontario Rendering Co., supra.* ORS 656.273(6) provides:

"A claim submitted in accordance with [ORS 656.273] shall be processed by the insurer or self-insured employer in accordance with the provisions of ORS 656.262 * * *."

That language expressly premises application of the processing provisions of ORS 656.262 to whether an aggravation claim was filed pursuant to ORS 656.273. It follows that, because "filing" means receipt, the "notice or knowledge" language in ORS 656.262 must be equated with an insurer's *receipt* of the claim. Because claimant initially requested a hearing fewer than 60 days after EBI had "notice or knowledge" of the claim, that request was premature and, therefore, void. *Syphers v. K-W Logging, Inc., supra.*

■      Claimant's second hearing request was filed more than 60, but fewer than 180, days after EBI's denial. ORS 656.319(1) provides:

"(1)   With respect to objection by a claimant to denial of a claim for compensation under ORS 656.262, a hearing thereon shall not be granted and the claim shall not be enforceable unless:

"(a)   A request for hearing is filed not later than the 60th day after the claimant was notified of the denial; or

"(b)   The request is filed not later than the 180th day after notification of denial and the claimant establishes at a

---

*Department,* [*supra,*] the court was faced with essentially the same issue. In that case claimant's request for a hearing was mailed within the period provided by ORS 656.319(1)(a), but was not received by the Board until after the period had expired. The request was held untimely." 34 Or App at 1027. (Footnotes omitted.)

We upheld the Board's conclusion that the filing was untimely.

hearing that there was good cause for failure to file the request by the 60th day after notification of denial."

"Good cause" in subsection (b) has been held to be the equivalent of "mistake, inadvertence, surprise or excusable neglect" in *former* ORS 18.160.[4] *Sekermestrovich v. SAIF,* 280 Or 723, 727, 573 P2d 275 (1977).

Claimant contends that she had good cause for the untimely filing of the second hearing request, because it was not unreasonable and because no appellate court had previously decided whether the mailing of a claim to an insurer constitutes "notice or knowledge" of the insurer as to that claim under ORS 656.262(6). We disagree. Under the holding in *Syphers v. K-W Logging, Inc., supra,* she was on notice that a premature hearing request on the issue of whether a claim should be accepted is ineffective and void. If she had any doubt as to whether her initial hearing request was premature, she could have filed a formal and timely protective request for a hearing on EBI's denial. She neglected to do that, and because she has provided no valid excuse for not doing so, she has failed to demonstrate good cause.

Affirmed.

---

[4] *Former* ORS 18.160, which was repealed by Or Laws 1981, ch 898, § 53, and replaced by ORCP 71B, effective January 1, 1982, provided, in pertinent part:

"The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."