Argued and submitted October 30, 1992, reversed and remanded to Board for reconsideration October 6, reconsideration denied December 15, 1993, petition for review pending 1994

In the Matter of the Compensation of
Rita L. Jefferson, Claimant.

Rita L. JEFFERSON,
*Petitioner,*

*v.*

SAM'S CAFE
and SAIF Corporation,
*Respondents.*

(90-22070; CA A73845)

861 P2d 359

Geoffrey G. Wren, Portland, argued the cause for petitioner. With him on the brief was Royce, Swanson & Thomas, Portland.

Steven Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Claimant seeks review of an order of the Workers' Compensation Board holding that it and the referee had no jurisdiction to consider claimant's request for review of SAIF's refusal to act on his request for surgery.

Claimant's doctor sought authorization for surgery in June, 1990. SAIF investigated the claim and, on December 10, 1990, it asked the Director of the Department of Insurance and Finance to review the claim. On January 22, 1991, claimant requested a hearing. Before the hearing, on January 30, 1991, she had the surgery. At the time of the referee's hearing, in March, 1991, the Director had not yet issued a decision regarding the claim. In June, 1991, the referee found that the surgery was reasonable and necessary. The Board held that the referee had no jurisdiction to resolve the dispute concerning the compensability of surgery.

██ ORS 656.327(1) provides:

> "(a) If an injured worker, an insurer or self-insured employer or the director believes that an injured worker *is receiving* medical treatment that is excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services and wishes review of the treatment by the director, the injured worker, insurer, self-insured employer [*sic*] shall so notify the parties and the director." (Emphasis supplied.)

In *Meyers v. Darigold, Inc.*, 123 Or App 217, 861 P2d 352 (1993), we held that if any party, either the claimant or the insured, initiates the Director's review of a medical services dispute pursuant to ORS 656.327, then that process is the exclusive means of review, and the referee has no jurisdiction to consider the dispute, except under the circumstances described in ORS 656.327. We did not consider in that case whether the statute is applicable in the context of *proposed* medical treatment. The language of ORS 656.327 is clear. It expressly applies only to treatment that the claimant "is receiving" at the time the Director is asked to review the dispute. We conclude that the process of review by the Director does not apply to requests for *future* medical treatment,

and that the Hearings Division and the Board have jurisdiction to resolve disputes concerning proposed medical treatment.[1]

■ Claimant was entitled to request a hearing on SAIF's refusal to either accept or deny her request for medical treatment. *See Barr v. EBI Companies*, 88 Or App 132, 744 P2d 582 (1987). SAIF was not entitled to have the dispute reviewed by the Director. Accordingly, the referee's decision concerning the reasonableness and necessity of the surgery was appealable to the Board, and the Board erred in concluding that it did not have jurisdiction to consider the matter.

Reversed and remanded to Board for reconsideration.

---

[1] OAR 436-10-046(1) provides:

"If a worker or insurer believes that the worker *has received, is receiving, or has been proposed to receive* medical treatment for a compensable condition that is excessive, inappropriate, ineffective or in violation of the medical rules and wishes review of the treatment by the director, the worker or insurer shall notify the director." (Emphasis supplied.)

We are not asked here to consider the validity of that rule.