Argued and submitted February 24, reversed and remanded to Board for reconsideration October 6, reconsideration denied December 15, 1993, petition for review pending 1994

In the Matter of the Compensation of
Donald J. Bidney, Claimant.

Donald J. BIDNEY,
*Petitioner,*

*v.*

AVISON LUMBER COMPANY
and SAIF Corporation,
*Respondents.*

(91-01029, 91-01028, 91-13048;
CA A74427 (Control), A76606)
(Cases Consolidated)

861 P2d 362

Richard A. Sly, Portland, argued the cause and filed the brief for petitioner.

Steven Cotton, Special Assistant Attorney General, Salem, argued the cause for respondents. With him on the briefs were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Claimant compensably injured his cervical spine in 1975 and 1976. In August, 1989, a neurosurgeon recommended surgery at C5-6 and C6-7 to correct "traumatic cervical spondylosis." SAIF neither approved nor denied claimant's request for surgery, so claimant sought assistance in obtaining approval of the surgery from the Director of the Department of Insurance and Finance (DIF). After DIF notified claimant that it had no mechanism to require SAIF to give approval of the surgery, claimant requested a hearing by a referee. Before the date set for hearing, SAIF requested that the Director review the request for medical treatment pursuant to ORS 656.327.

Referee Knapp held a hearing and issued an order in which he held that the Director of DIF had no authority to resolve a dispute for proposed medical treatment. He found that claimant's requested surgery was related to his compensable condition and was reasonable and necessary. The Workers' Compensation Board reversed the referee, holding that the Director of DIF has exclusive authority to resolve the dispute. Claimant filed a petition for review.

Pending Board review, the Director issued an order concluding that the proposed surgery was not appropriate. Claimant requested a hearing. Referee Menashe reviewed the Director's order and held that the Director had no authority to consider the medical service dispute, but determined, on an advisory basis only, that the Director's decision was supported by substantial evidence. Referee Menashe vacated the Director's order. SAIF appealed that order to the Board, and the Board held that the Director has exclusive jurisdiction of the dispute and that the Director's order was supported by substantial evidence. The Board reinstated the Director's order. Claimant filed a second petition for review. The petitions have been consolidated for our review.

In *Jefferson v. Sam's Cafe*, 123 Or App 464, 861 P2d 359 (1993), we held that ORS 656.327(1) is inapplicable to proposed medical treatment. Accordingly, the Board erred in concluding in its first order that the Director has exclusive jurisdiction to resolve this dispute. The Board's first and

second orders are reversed; the referees' orders are reinstated; the case is remanded to the Board for reconsideration of SAIF's appeal of the order of Referee Knapp.[1]

Reversed and remanded to Board for reconsideration.

---

[1] In the light of our disposition of this case, we do not consider claimant's contention that the Board erred in failing to assess a penalty and attorney fee for SAIF's failure to refer the dispute to the Director within 90 days of the claim.