In the Matter of the Compensation of
James E. Niccum, Claimant.

James E. NICCUM,
*Petitioner,*

*v.*

SOUTHCOAST LUMBER CO.
and SAIF Corporation,
*Respondents.*

(90-17616; CA A73922)

861 P2d 360

Edward J. Harri, Eugene, argued the cause for petitioner. With him on the brief was Malagon, Moore, Johnson, Jensen & Correll, Eugene.

Steven Cotton, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

Claimant seeks review of a Workers' Compensation Board order dismissing a portion of his appeal of an order of the referee on the ground that the Director of the Department of Insurance and Finance has exclusive jurisdiction to determine whether claimant's proposed medical treatment is reasonable and necessary.

■    The Board relied on its decision in *Stanley Meyers*, 43 Van Natta 2643 (1991), and its interpretation of ORS 656.327 and ORS 656.704. In *Meyers v. Darigold, Inc.*, 123 Or App 217, 861 P2d 352 (1993), we reversed the Board's decision in *Stanley Meyers*, and held that the referee has jurisdiction to consider medical treatment disputes, so long as no party has requested review by the Director pursuant to ORS 656.327. In *Jefferson v. Sam's Cafe*, 123 Or App 464, 861 P2d 359 (1993), we held that the referee's authority includes the power to consider *all* disputes concerning *proposed* medical treatment, because those disputes are not subject to ORS 656.327(1). Accordingly, we remand the case to the Board for it to consider claimant's appeal on its merits.

■    Claimant also seeks review of that portion of the Board's order holding that he has failed to establish an aggravation of his compensable injury. ORS 656.273(1) provides:

> "After the last award or arrangement of compensation, an injured worker is entitled to additional compensation, including medical services, for worsened conditions resulting from the original injury. A worsened condition resulting from the original injury is established by medical evidence supported by objective findings."

The Board held that "there was a lack of objective findings of a worsened condition." Claimant contends that the statute requires only that the medical evidence be supported by objective findings, and that the Board has erroneously required that the worsening itself be shown by objective findings. The argument is a semantic maneuver. There is no substantive difference between the statutory language that the worsening be shown by medical evidence supported by objective findings and the Board's language that the worsening be shown by objective medical findings. We agree with the

Board that, under the statute, objective medical evidence of a worsening is required in order to establish an aggravation claim, and we conclude that the Board's finding that claimant has not established a worsening is supported by substantial evidence.

Reversed and remanded for reconsideration of claim for medical services; otherwise affirmed.