Argued and submitted May 10, decision of the Court of Appeals affirmed; order of the Workers' Compensation Board reversed, and case remanded to the Board for reconsideration September 29, reconsideration denied November 29, 1994

In the Matter of the Compensation of
James E. Niccum, Claimant.

James E. NICCUM,
*Respondent on Review,*

*v.*

SOUTHCOAST LUMBER CO.
and SAIF Corporation,
*Petitioners on Review.*

(WCB 90-17616; CA A73922; SC S40768)

880 P2d 923

Steve Cotton, Special Assistant Attorney General, Salem, argued the cause for petitioners on review. With him on the petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Edward J. Harri, of Malagon, Moore, Johnson, Jensen & Correll, Eugene, argued the cause and filed the response for respondent on review.

Kevin Keaney, of Pozzi, Wilson & Atchison, Portland, filed a brief on behalf of *amici curiae* Oregon Trial Lawyers' Association and Oregon Workers' Compensation Attorneys.

DURHAM, J.

**DURHAM, J.**

The issue in this case is whether the Workers' Compensation Board correctly declined to exercise jurisdiction over a claim for future medical treatment. The Board held that, under ORS 656.704(3), a claim for future medical treatment is not a matter concerning a claim that the Board may address, because it is subject to the jurisdiction of the Director of the Department of Insurance and Finance[1] under ORS 656.327(1)(a).

On judicial review, the Court of Appeals reversed, holding that the Board is authorized to resolve a claim for proposed medical treatment and remanded the case for reconsideration. *Niccum v. Southcoast Lumber Co.*, 123 Or App 472, 861 P2d 360 (1993). We allowed review.

This court held in *Martin v. City of Albany*, 320 Or 175, 880 P2d 926 (1994), that ORS 656.327(1)(a) does not authorize the director to review a dispute over proposed medical treatment. We said:

> "[T]he matters that ORS 656.704(3) excludes from the Board's authority do not include a request to authorize payment for future medical treatment." *Id.* at 188.

The court held that the Board was authorized to address a request for a hearing regarding proposed medical treatment. *Id.*

The Board found that insurer denied a claim for proposed back surgery. The Board erred in concluding that it had no authority to address that claim. *Id.* For that reason, the Court of Appeals correctly reversed the Board's order regarding its jurisdiction.[2]

The decision of the Court of Appeals is affirmed. The order of the Workers' Compensation Board is reversed, and the case is remanded to the Board for reconsideration consistent with this opinion.

---

[1] The Department of Insurance and Finance is now known as the Department of Consumer and Business Services. Or Laws 1993, ch 744, § 10.

[2] The Court of Appeals also upheld the Board's conclusion that claimant failed to prove an aggravation of his compensable injury. That issue is not before us on review.