Submitted on remand March 3, reversed and remanded with instructions September 6, respondent's motion for reconsideration filed September 22 allowed by opinion November 15, 1995
See 137 Or App 598, 905 P2d 1184 (1995)

In the Matter of the Compensation of
Warren N. Bowen, Claimant.

SAIF CORPORATION
and University of Oregon,
*Petitioners,*

*v.*

Warren N. BOWEN,
*Respondent.*

(WCB 91-15616; CA A77263)

901 P2d 925

David L. Runner, Assistant Attorney General, argued the cause for petitioners. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Edward J. Harri argued the cause for respondent. With him on the brief was Malagon, Moore, Johnson, Jensen & Correll.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

This case is on remand from the Supreme Court for reconsideration in the light of *Martin v. City of Albany*, 320 Or 175, 880 P2d 926 (1994), and *Niccum v. South Coast Lumber Co.*, 320 Or 189, 880 P2d 923 (1994). *SAIF v. Bowen*, 320 Or 501, 887 P2d 787 (1995).

The issue in this case is whether the Workers' Compensation Board had jurisdiction to determine the appropriateness of proposed medical treatment for claimant.[1] The Supreme Court's decisions in *Martin* and *Niccum* held that the Board did have jurisdiction. However, the amendments to the workers' compensation law made by Oregon Laws 1995, chapter 332, are applicable here because this case was pending before the courts on the effective date of the petition. *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995). Those amendments give the Director of the Department of Consumer and Business Services exclusive authority to decide whether proposed medical treatment is excessive, inappropriate, ineffectual or in violation of applicable rules. Oregon Laws 1995, chapter 332, sections 41 and 50; *Newell v. SAIF*, 136 Or App 280, 902 P2d 600 (1995). Accordingly, the Board lacked jurisdiction to consider this question. We remand to the Board with instructions to dismiss claimant's petition to it.

Reversed and remanded with instructions to dismiss petition.

---

[1] SAIF also assigns error to the Board's award of attorney fees under ORS 656.386(1). In light of our conclusion that the Board lacked jurisdiction, it is unnecessary to address this question.