On respondents' motion for reconsideration filed June 13, opinion (134 Or App 625, 896 P2d 16) vacated; affirmed September 6, 1995

In the Matter of the Compensation of
Lori A. Newell, Claimant.

Lori A. NEWELL,
*Petitioner,*

*v.*

SAIF CORPORATION
and Benton County,
*Respondents.*

(WCB 92-09328; CA A81960)

902 P2d 600

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Michael O. Whitty, Special Assistant Attorney General, for motion.

Before Deits, Presiding Judge, and De Muniz and Leeson, Judges.

DEITS, P. J.

## DEITS, P. J.

SAIF moves for reconsideration of our earlier decision in this case. *Newell v. SAIF*, 134 Or App 625, 896 P2d 16 (1995). SAIF contends that Oregon Laws 1995, chapter 332, amended the statutory provisions at issue here and, accordingly, the case must be reconsidered. We allow SAIF"s motion for reconsideration.

SAIF is correct that the amendments to the Workers' Compensation Law made by Oregon Laws 1995, chapter 332, are applicable to this case, because it was pending before the courts at the time of the effective date of the legislation, June 7, 1995. *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995). Although our earlier decision was issued on May 31, 1995, the time for seeking reconsideration or Supreme Court review of our decision had not expired on June 7, 1995. ORAP 9.05.

In our opinion, we relied on the Supreme Court's decision in *Niccum v. Southcoast Lumber Co.*, 320 Or 189, 880 P2d 923 (1994), and reversed and remanded the Workers' Compensation Board's order that held that, under ORS 656.327(1) and ORS 656.704(3), it lacked jurisdiction[1] to consider whether proposed medical treatment for claimant was appropriate. However, as SAIF points out, these statutes have now been amended to provide that the Director of the Department of Business and Consumer Affairs has exclusive jurisdiction to review whether proposed medical treatment is excessive, inappropriate, ineffectual or in violation of applicable rules. Oregon Laws 1995, chapter 332.

ORS 656.704(3) was amended as follows:

"For the purpose of determining the respective authority of the director and the board to conduct hearings, investigations and other proceedings under this chapter, and for determining the procedure for the conduct and review thereof, matters concerning a claim under this chapter are those matters in which a worker's right to receive compensation, or the amount thereof, are directly in issue. However,

---

[1] Contrary to SAIF's assertions, we did not hold that SAIF had waived any issues relating to the Board's jurisdiction. We simply stated that SAIF conceded that under the Supreme Court's decision in *Niccum*, the Board did not have jurisdiction to consider the appropriateness of proposed medical treatment.

such matters do not include any [*proceeding for resolving a dispute regarding medical treatment or fees for which a procedure is otherwise provided in this chapter*] **disputes arising under ORS 656.245, 656.248, 656.260, 656.327, any other provisions directly relating to the provision of medical services to workers or any disputes arising under ORS 656.340 except as those provisions may otherwise provide.**" Oregon Laws 1995, chapter 332, section 50.

ORS 656.327(1)(a) was amended as follows:

"If an injured worker, an insurer or self-insured employer or the Director **of the Department of Consumer and Business Services** believes that [*an injured worker is receiving*] **the** medical treatment, **not subject to ORS 656.260**, that **the injured worker has received, is receiving, will receive or is proposed to receive** is excessive, inappropriate, ineffectual or in violation of rules regarding the performance of medical services [*and wishes review of the treatment by the director*], the injured worker, insurer or self-insured employer shall **request review of the treatment by the director and** so notify the parties [*and the director*]." Oregon Laws 1995, chapter 332, section 41.[2]

As can be seen, the above statutes now clearly provide that the director has exclusive jurisdiction to review proposed medical treatment. Accordingly, the Board's holding that it lacked jurisdiction to review the proposed surgery for claimant is consistent with the statutes now in effect. We vacate our earlier opinion and affirm the Board's order.

Reconsideration allowed; opinion vacated; affirmed.

---

[2] In keeping with Legislative Counsel's format, we bracket and italicize the material deleted form the statutes by the amendments and print the new material in boldface.