On respondent's motion for reconsideration filed September 22, reconsideration allowed; opinion (136 Or App 222, 901 P2d 925) modified; remanded to Board for reconsideration November 15, 1995

In the Matter of the Compensation of
Warren N. Bowen, Claimant.

**SAIF CORPORATION**
and University of Oregon,
*Petitioners,*

*v.*

Warren N. BOWEN,
*Respondent.*

(WCB 91-15616; CA A77263)

905 P2d 1184

James L. Edmunson and Malagon, Moore, Johnson & Jensen, for motion.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Claimant moves for reconsideration of our decision in *SAIF v. Bowen*, 136 Or App 222, 901 P2d 925 (1995). He argues that our disposition of the case, remanding to the Board with instructions to dismiss, is in error. We allow the motion to reconsider.

Claimant asserts that our statement in the opinion that "[T]he issue in this case is whether the Workers' Compensation Board had jurisdiction to determine the appropriateness of proposed medical treatment for claimant" is in error. *Id.* at 224. Our statement of the issue was correct as far as it went. However, claimant is correct that there is a remaining question before the Board concerning this issue that we did not identify and that has not been directly resolved. That question is whether, under these circumstances, the Director's exclusive authority to determine whether treatment is "appropriate" includes the authority to decide whether the condition requiring treatment is causally related to the compensable injury or whether the Board has jurisdiction to consider that question. Accordingly, our conclusion that the Board lacked jurisdiction was premature, and our remand to the Board should not have been with instructions to dismiss. Rather, the remand should be for reconsideration.

Reconsideration allowed; opinion modified; remanded to Board for reconsideration.