Argued and submitted February 14, 1996; resubmitted In Banc January 14, reversed and remanded to the Board with instructions March 26, petition for review denied August 12, 1997 (326 Or 43)

In the Matter of the Compensation of
Richard J. Taskinen, Claimant.

## QUAKER STATE OIL COMPANY
and Travelers Insurance Company,
*Petitioners,*

*v.*

Richard J. TASKINEN,
*Respondent.*

(93-10255; CA A87486)

935 P2d 1229

Jerald P. Keene argued the cause and filed the brief for petitioners.

Anita C. Smith argued the cause for respondent. With her on the brief was Estell and Associates.

DEITS, J.

Warren, J., concurring.

Edmonds, J., concurring.

## DEITS, J.

In this medical services dispute, petitioners seek review of an order of the Workers' Compensation Board that held that claimant's medical services claim for proposed low back surgery was appropriate and that claimant's counsel was entitled to attorney fees. We reverse and remand to the Board with instructions to vacate the Board's order and remand to the Director of the Department of Consumer and Business Services[1] (Director) for further proceedings.

This medical services dispute concerns the appropriateness of a ninth surgery on claimant's spine. The employer challenged this procedure and sought review by the Director pursuant to ORS 656.327. The Director issued an order disapproving the treatment. Claimant then requested a hearing before the Board's Hearings Division. A hearing was held and the administrative law judge (ALJ) concluded, relying on our decisions in *Jefferson v. Sam's Cafe*, 123 Or App 464, 861 P2d 359 (1993), *rev den* 320 Or 453 (1994), and *Niccum v. Southcoast Lumber Co.*, 123 Or App 472, 861 P2d 360 (1993), *aff'd* 320 Or 189, 880 P2d 923 (1994), that the Director's order was a "nullity" because jurisdiction over disputes regarding proposed medical services was vested in the Hearings Division under ORS 656.283 and not the Director under ORS 656.327. The ALJ also concluded that the surgery was a reasonable and necessary expense of the compensable injury. Employer requested Board review, and the Board held that employer was responsible for the proposed surgery. It also awarded claimant attorney fees.

Employer sought review of the Board's order by this court. After the briefs were filed in this court, but before oral argument was held, the legislature amended the workers' compensation law. Because this case was pending before the courts on the effective date of the legislation, June 7, 1995, the amended version of the law applies. *Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996).

---

[1] At the time of the relevant events, the agency was known as the Department of Insurance and Finance.

ORS 656.327(2) establishes the process for review of medical services disputes. The amended version provides:

"The director shall review medical information and records regarding the treatment. The director may cause an appropriate medical service provider to perform reasonable and appropriate tests, other than invasive tests, upon the worker and may examine the worker. Notwithstanding ORS 656.325(1), the worker may refuse a test without sanction. Review of the medical treatment shall be completed and the director shall issue an order within 60 days of the request for review. The director shall create a documentary record sufficient for purposes of judicial review. If the worker, insurer, self-insured employer or medical service provider is dissatisfied with that order, the dissatisfied party may request a contested case hearing before the director pursuant to ORS 183.310 to 183.550. At the contested case hearing, the administrative order may be modified only if it is not supported by substantial evidence in the record or if it reflects an error of law. No new medical evidence or issues shall be admitted. If the director issues an order declaring medical treatment to be not compensable, the worker is not obligated to pay for such treatment. Review of the director's order shall be by the Court of Appeals pursuant to ORS 183.310 to 183.550."

As can be seen, under the new law, the Director has exclusive authority to initially review medical services disputes. The procedures for the development and review of the Director's order are also set forth in the statute and are changed from the prior law. Or Laws 1995, ch 332, §§ 41, 50. ORS 656.327(2) now provides that if a party is dissatisfied with the Director's determination regarding a bona fide medical services dispute, the party may request a contested case hearing before the Director and may seek further review of the Director's order in the Court of Appeals.

■　　In this case, the procedures of the new statute described above were not followed because the amended law did not exist at the time this matter was brought before the Director. Nonetheless, because the legislature has chosen to make the new procedures apply retroactively, and because the amended procedures could alter the Director's or our analyses of the case, it is necessary to remand this case to the

Board with instructions to vacate the Board's order and to remand to the Director for further proceedings.[2]

■        Judge Warren asserts in his concurrence that, although he agrees with our "disposition," we are wrong in failing to acknowledge that we lack jurisdiction to review the Board's order in this case and in failing to overrule our earlier decision in *Baar*. The first problem with his assertions is that neither of those arguments are made by the parties in this case. Aside from that, his position is based on a faulty premise.

It is Judge Warren's view that we only have jurisdiction to review an order of the Director regarding a medical services dispute when the Director has conducted a contested case hearing and, accordingly, issued a contested case order. He contends that, because the order here was not issued after a contested case hearing, we lack the authority to review the Director's order. In his view, the Director's order here was an "order in other than a contested case" under the Administrative Procedures Act (APA) and, as an order in other than a contested case, review of the Director's order would first have to go to circuit court under ORS 183.484. 147 Or App at 252 n 2. Review of the circuit court order is by this court. ORS 183.500.

In reaching the conclusion that the Director's order is an order in other than a contested case and is subject to the general APA provisions concerning review of such orders, the concurrence ignores the plain language of ORS 656.327, which provides specific procedures for review of the Director's decisions on medical services disputes. As discussed above, that statute specifically provides that if a party is dissatisfied regarding a medical services issue, the party must request review of the matter with the Director. ORS 656.327(1). If the Director issues an order finding that a medical services dispute exists, ORS 656.327(2) becomes applicable. Under that provision, the Director then reviews the

---

[2] Our disposition here is different than in *Baar v. Fairview Training Center*, 139 Or App 196, 911 P2d 1232, *rev den* 323 Or 690 (1996), because, in contrast to this case, in *Baar* there were no factual issues in dispute, nor were there any substantive changes in the applicable law that could possibly alter the director's or our analyses. Accordingly, there was no reason to remand the case in *Baar*.

matter and in that process is required to "create a documentary record sufficient for purposes of judicial review." As we have noted, if dissatisfied with the Director's decision at this point, a party may request a contested case hearing and the Director will then issue a new order following the hearing.

ORS 656.327(2) also provides that "[r]eview of the Director's order shall be by the Court of Appeals pursuant to ORS 183.310 to 183.550." Judge Warren reads this language to mean that we only may review the Director's order if a contested case hearing is held. However, that is simply not what the statute says. This court is given authority to review the "director's order[.]" There is nothing in the language of the statute that limits our direct review of the Director's order only to cases where there has been a contested case hearing.

Further, such a result would make little sense. Under Judge Warren's view, a party that was dissatisfied with the Director's initial decision regarding the medical services dispute could choose to opt out of the specific review process that the legislature devised for review of medical services disputes. The dissatisfied party could do this by simply not requesting a contested case hearing by the Director and seeking review of the Director's decision in circuit court. The circuit court would then review the matter. If any party was dissatisfied with the court's decision, review by this court could then be sought. It is difficult to understand why the legislature would have created a comprehensive scheme for review of medical services disputes by the Director, who presumably has expertise in this area, only to let the parties, at their option, go through an entirely different process that does not utilize the expertise of the Director and certainly does not carry out the legislature's apparent intent to expedite the workers' compensation process.

Judge Warren's assertion that we must overrule our decision in *Baar* also is based on its premise that unless the Director has conducted a contested case hearing, we lack jurisdiction to review the Director's order. As discussed above, this is wrong. Consequently, we should not overrule *Baar*.

Reversed and remanded to the Board with instructions to vacate its order and remand to the Director of the Department of Consumer and Business Services.

**WARREN, J.,** concurring.

In this medical services dispute, on review of an order of the Workers' Compensation Board, the majority reverses and remands to the Board with instructions to vacate its order and to remand to the Director for further proceedings. I concur with the majority's disposition, but disagree with the route it takes to arrive there. Although the parties do not raise the question of jurisdiction, we have the duty to do so on our own. The majority fails to acknowledge that the Board had no jurisdiction to consider the Director's order, that we have no jurisdiction to consider the Board's order and that *Baar v. Fairview Training Center*, 139 Or App 196, 911 P2d 1232, *rev den* 323 Or 690 (1996), to the contrary, is simply wrong. The majority concludes that this case is distinguishable from *Baar*. 147 Or App at 249 n 2. *Baar* is not distinguishable and we should overrule it.

Jurisdiction over disputes regarding proposed medical services is now vested exclusively in the Director under the amended statute. ORS 656.327(2). Judicial review of the Director's decision is vested in the Court of Appeals, but only for those cases in which the Director has first conducted a contested case hearing. The statute directs that our review of an order from the Director shall be according to the provisions of ORS 183.310 to ORS 183.550, and ORS 183.482 only gives us authority to review orders in contested cases.[1] In this case, the Director did not conduct a contested case hearing, rather, we are presented with an order from a hearing that the Board conducted. Because judicial review is exclusively in this court from a Director's order in a contested case, it follows that the Board had no review authority and we do not have a reviewable order.

This case is presented in the same procedural posture as *Baar*. In *Baar*, we took review of the case even though

---

[1] ORS 183.482(1) provides, in part:

"(1) Jurisdiction for judicial review of contested cases is conferred upon the Court of Appeals."

it was the Board, and not the Director, that had conducted a hearing. That approach was erroneous because it overlooked the limited grant of jurisdiction that we have under ORS 183.482. In essence, we reviewed an order in other than a contested case; the authority to review those orders is vested in other courts and not the Court of Appeals.[2] We had no authority to review the Board's order in *Baar* because the Director had not conducted a contested case hearing. Our attempt to achieve judicial economy in *Baar* was misguided and misleading because it skipped a statutory condition precedent to our jurisdiction and misdirects these and other litigants from the correct procedure (a Director's order in a contested case). We were without authority to ignore that condition, and thus, *Baar* should be overruled.

For these reasons I concur only in the result in this case.

Armstrong, J., joins in this concurrence.

**EDMONDS, J.,** concurring.

I do not agree with the majority's interpretation of ORS 656.327(2). The majority believes that our review is not predicated on a contested case order. It says, "There is nothing in the language of the statute that limits our direct review of the Director's order only to cases where there has been a contested case hearing." 147 Or App at 250. A reading of the statute on its face demonstrates that the majority is wrong. The language of the statute establishes procedures in a chronological order[1] for deciding the appropriateness of

---

[2] ORS 183.484(1) provides that "[j]urisdiction for judicial review of orders other than contested cases is conferred upon the Circuit Court for Marion County and upon the circuit court for the county in which the petitioner resides or has a principal business office."

[1] The statute first provides for the Director to issue an order after a determination has been made. The statute then provides:

"If the worker, insurer, self-insured employer or medical service provider is dissatisfied with that order, the dissatisfied party may request a *contested case hearing before the director* pursuant to ORS 183.310 to 183.550. At the contested case hearing, the administrative order may be modified only if it is not supported by substantial evidence in the record or if it reflects an error of law. No new medical evidence or issues shall be admitted. If the director issues an order declaring medical treatment to be not compensable, the worker is not obligated to pay for such treatment. Review of the director's order shall be by the Court of Appeals pursuant to ORS 183.310 to 183.550." (Emphasis supplied.)

medical services and directs the Director to hold a contested case hearing procedure when any party is dissatisfied with the initial order. Judicial review of the "director's order" in the statute means review of the order of the Director that results from the contested case hearing.

Nonetheless, the majority arrives at the correct result. In my view, our decision in *Barr v. Fairview Training Center*, 139 Or App 196, 911 P2d 1232, *rev den* 323 Or 690 (1996), was prompted by judicial economy. Because what was involved in that case was a question of law that had already been decided by the Director under language that remained unchanged in the amended statute, it served no purpose to remand the case for a contested case hearing. In this case, the question is a factual one: whether surgery on claimant's spine is reasonable and necessary. Reluctantly, I agree with the majority that ORS 656.327(2) as amended in 1995 requires us to remand this case. My reluctance is expressed more fully by the following discussion.

Under the Oregon Constitution, the legislature and the judiciary are equal branches of government. It is the function of the legislature to legislate and the function of the courts to adjudicate. Part of the judicial function of this court is to review adjudications by administrative tribunals that involve interpretations of statutes enacted by the legislature. The guiding light before us in that particular task is to effectuate the over-all purpose of the applicable law. This part of my opinion is about the conflict that the legislature has created between the mandate of carrying out the purposes of the workers' compensation law for the benefit of employers and workers alike and its direction to apply its amendments retroactively to cases that have been adjudicated previously. It is also about legislative encroachment on the function of judicial review of administratively-made decisions through the vehicle of retroactive legislation.

In the area of workers' compensation law, the legislature has promulgated an administrative process that both legislates and adjudicates. The result is a blend that reflects the ebb and flow of the political process. However, the legislature's actions also affect human beings with significant needs, and if remedies and the finality of adjudication are at

the temporal whim of the prevailing view in the legislature, the integrity of the system suffers as well as those involved in it. At the core of any well-conceived legislation is the need to provide substantive law and procedures that produce certainty and finality, *i.e.*, factual determinations on which litigants can rely.

On the other hand, judicial review of workers' compensation cases is intended to be a mechanism that affords review of administrative decisions, even though the scope of review is often misunderstood by those involved in the system. Judicial review does not exist to correct the mistakes of the legislature or to relitigate the facts of each claim. For us to assume those functions would be to violate the principle that we and the legislature and its agencies are coequal branches of government. Rather, judicial review endeavors to ascertain whether a particular application of the administrative process has complied with the applicable law. The majority has carried out that task correctly in this case by its decision to remand the case to the Director, but the parties must feel that they are encased in a washing machine in an unending spin cycle because of the continuous changes to the law made by the legislature and its direction that its amendments be applied retroactively. The facts of this case illustrate my point.

The issue to be resolved in this case should have been a simple question of fact that was subject to judicial review for substantial evidence. In 1992, claimant's physician proposed that claimant undergo surgery. This litigation started out before the Director of the Department of Consumer and Business Services, who disapproved the request for proposed surgery. Resolution of the issue required choosing between conflicting medical opinions to determine whether the proposed surgery was reasonably and medically necessary. No physician doubts that claimant experiences pain. The medical issue was whether the proposed surgery would be effective in relieving claimant's ongoing pain and whether it would endanger other segments of claimant's spine. It is now 1997 and the parties still do not have a final answer, due in part to the legislature's choice to make its

1995 amendments retroactive and applicable to cases pending on review. As discussed below, the legislature has effectively undone lawfully authorized factual determinations by the administrative law judge (ALJ) and the Board by its amendments.

When claimant appealed the Director's decision to the Hearings Division of the Board, the ALJ and the Board found for claimant. Under our holding in *Jefferson v. Sam's Cafe*, 123 Or App 464, 861 P2d 359 (1993), *rev den* 320 Or 453 (1994), they had jurisdiction to make those rulings. In that case, we held that, pursuant to *former* ORS 656.327(1), the legislature had given the Board jurisdiction over disputes about proposed medical services. After the Board rendered its decision in this case, employer sought review in this court. While review was pending, the legislature enacted Oregon Laws 1995, chapter 332, section 41, to provide for exclusive administrative review by the Director. The effect of that enactment changed the entire focus of this case from a dispute about medical services, which had already gone on too long, to a dispute over jurisdiction. It placed the subject of disputes over proposed medical services solely within the jurisdiction of the Director and required that its provisions, including administrative review through a contested case proceeding, be applied retroactively.

When the Board decided this case, it had jurisdiction, for all legal intents and purposes, and the case was ripe for judicial review. It was after the case left the Board's jurisdiction that the legislature changed the law. *See Volk v. America West Airlines*, 135 Or App 565, 899 P2d 746 (1995), *rev den* 322 Or 645 (1996) (explaining the legislature's intent to have chapter 332 applied retroactively). Chapter 332, applied retroactively, materially changed the goal posts and the playing field for the parties and encroached on the concept of judicial review. Under the former law, the Board's decision finding that the surgery was medically reasonable and necessary would have been reviewed by this court for substantial evidence. When the matter is submitted to the Director for a contested case hearing under the new law, the Director's order *disapproving the treatment* will be reviewed for substantial evidence under ORS 656.327(2). Now, claimant is required to repeat the administrative review process

with the "deck stacked against him," because he must demonstrate that there is not substantial evidence that the proposed surgery is not reasonable and necessary.

A process intended to provide for an expeditious, final determination of disputes has gone awry. It is no wonder that some who are involved in the workers' compensation system view it as an obstacle course designed to frustrate, rather than promote, rational claims resolution. In a culture where public mistrust of government is rampant, it behooves all of us to be mindful of that perception.

It is with these misgivings that I concur.

Leeson, J., joins in this concurrence.